Crystal D. ORFIELD, Appellee

v.

Charles E. WEINDEL, II, Appellant.

Superior Court of Pennsylvania.

Submitted April 2, 2012.

Filed June 29, 2012.

Eric J. Taylor, Public Defender, Reading, for appellant.

Melissa J. Noyes, Assistant District Attorney, Reading, for appellee.

BEFORE: STEVENS, P.J., BOWES, J., and STRASSBURGER, J.*

OPINION BY STEVENS, P.J.:

This is an appeal from the order entered by the Court of Common Pleas of Berks County finding Appellant Charles E.

Weindel, II, in civil contempt for failing to appear at a contempt hearing and failing to pay child support. The trial court imposed six months incarceration with a purge amount of $4,244.00. Appellant claims the trial court erred in setting this purge amount without considering his ability to pay.

On September 9, 2011, the lower court held a Support Enforcement Hearing where the Domestic Relations Office (DRO) established that Appellant owed $4,244.00 in arrears. At that time, the trial court noted there was no active charging order, but Appellant was required to pay $300.00 each month to pay off the arrears. However, Appellant had not made a payment since April 1, 2009, when he paid $10.75. In addition, Appellant had failed to appear at an earlier contempt hearing scheduled for February 22, 2011.

At the September 9, 2011 hearing, both parties agreed that Appellant had received wages under the table for his work as an automobile mechanic and an ice cream truck driver, but no evidence was presented on the amount of money Appellant actually made. Appellant indicated he could pay $1,000.00 borrowed from family members towards his arrears. The trial court rejected this offer, stating it was "[t]oo little, too late." N.T., 9/9/11, at 7. The trial court found Appellant to be in contempt and imposed six months incarceration "based on Appellant's dismal payment history despite having some form of employment during the two year period in which he made no payments." Trial Court Opinion, 1/31/12, at 2. Further, the trial court set the purge amount at $4,244.00, the full amount of arrears due.[1]

---

* Retired Senior Judge assigned to the Superior Court.

1. Although the trial court specifically held Appellant in civil contempt for failing to pay his support obligations, failing to report changes in his address and employment, and failing to appear at a previous contempt hearing, the trial court indicated its "primary ob-

On September 19, 2011, Appellant filed a Motion for Reconsideration claiming the trial court failed to consider his ability to pay this purge amount. As the trial court did not act on the motion, Appellant filed a timely appeal on October 7, 2011. Despite the pending appeal, the trial court held a hearing on October 31, 2011, granted Appellant's motion, and lowered the purge amount to $1,000.00 in an order entered on November 2, 2011. In his appellate brief, Appellant argues that the trial court erred in failing to consider his ability to pay this decreased purge amount.

■ Before we reach the merits of this appeal, it is necessary to determine whether the trial court had jurisdiction to grant Appellant's motion for reconsideration. As a general rule, Pennsylvania Rule of Appellate Procedure 1701 provides that a trial court loses jurisdiction over a proceeding once a notice of appeal is filed. Pa.R.A.P. 1701(a). However, Rule 1701(b)(3) provides an exception when a party files a timely motion for reconsideration "within the time provided or prescribed by law." Pa.R.A.P. 1701(b)(3)(i). We note that this exception requires the trial court to enter an order expressly granting reconsideration within the 30–day appeal period. Pa.R.A.P. 1701(b)(3)(ii). The timely grant of a motion for reconsideration within these parameters renders the appeal inoperative and allows the trial court to proceed to the merits of the motion. Pa.R.A.P. 1701(b)(3). The time period for appeal begins to run anew upon the entry of the decision on reconsideration. Pa.R.A.P. 1701(b)(3).

In this case, the trial court entered its order finding Appellant in contempt on September 12, 2011. Appellant filed a timely motion for reconsideration on September 19, 2011. As the motion for reconsideration did not toll the appeal period which required Appellant to appeal by October 12, 2011,[2] Appellant filed a notice of appeal on October 7, 2011. As the trial court failed to act on the motion before the end of the 30–day appeal period, it had no jurisdiction to reduce Appellant's purge amount in an order entered on November 2, 2011. Because the trial court's decision granting Appellant's motion for reconsideration was a legal nullity, we vacate the November 2, 2011 order and proceed to determine whether the trial court failed to consider Appellant's ability to pay the original purge amount imposed in the September 9, 2011 order.

■ As a preliminary matter, we must address whether this issue is moot as Appellant was released from prison after he served the entire six month term of incarceration. Our courts cannot "decide moot or abstract questions, nor can we enter a judgment or decree to which effect cannot be given." *Sayler v. Skutches*, 40 A.3d 135, 143 (Pa.Super.2012) (citation omitted).

As a general rule, an actual case or controversy must exist at all stages of the judicial process, or a case will be

jective" in imposing incarceration was to "coerce [Appellant's] compliance [with the support order] and not to punish Appellant for his past behavior." N.T. Hearing, 10/31/12, at 5; Trial Court Opinion, 1/31/12, at 2. As a result, the trial court provided that Appellant could purge the contempt by complying with its order to pay off the entire amount of arrears and subsequently would be released from incarceration.

2. Pennsylvania Rule of Civil Procedure 1930.2(b) states that "[a] party aggrieved by the decision of the court may file a motion for reconsideration in accordance with Rule of Appellate Procedure 1701(b)(3). If the court does not grant the motion for reconsideration within the time permitted, the time for filing a notice of appeal will run as if the motion for reconsideration had never been filed." Pa. R.C.P. 1930.2(b).

dismissed as moot. An issue can become moot during the pendency of an appeal due to an intervening change in the facts of the case or due to an intervening change in the applicable law. In that case, an opinion of this Court is rendered advisory in nature. An issue before a court is moot if in ruling upon the issue the court cannot enter an order that has any legal force or effect. This Court will decide questions that otherwise have been rendered moot when one or more of the following exceptions to the mootness doctrine apply: 1) the case involves a question of great public importance, 2) the question presented is capable of repetition and apt to elude appellate review, or 3) a party to the controversy will suffer some detriment due to the decision of the trial court.

*Warmkessel v. Heffner,* 17 A.3d 408, 412–13 (Pa.Super.2011) (quoting *In re D.A.,* 801 A.2d 614, 616 (Pa.Super.2002) (en banc) (internal citations and quotation marks omitted)).

 Although Appellant was released from prison after serving the entire term imposed, he has not paid off his arrears and is still subject to the trial court's order to pay monthly payments of $300.00. His noncompliance with this order would again subject him to civil contempt proceedings. *See Barrett v. Barrett,* 470 Pa. 253, 259, 368 A.2d 616, 619 (1977) (finding Barrett's appeal of his contempt conviction was not moot even though his terms of imprisonment expired because he remained subject to the order to pay support and satisfy his arrearages, and a failure to comply would subject him to contempt proceedings again); *Warmkessel,* 17 A.3d at 413 (providing that Warmkessel's challenge to the sanctions imposed for civil contempt was not moot as he was subject to a continuing support order and might once again face

civil contempt proceedings). As a result, we find Appellant's issue meets the mootness exception and proceed to review the merits of his claim.

In reviewing the challenge of a trial court's finding of civil contempt, this Court set forth the applicable law in *Hyle v. Hyle,* 868 A.2d 601 (Pa.Super.2005):

Our scope of review when considering an appeal from an order holding a party in contempt of court is narrow: We will reverse only upon a showing of an abuse of discretion. *See Diamond v. Diamond,* 792 A.2d 597, 600 (Pa.Super.2002). The court abuses its discretion if it misapplies the law or exercises its discretion in a manner lacking reason. *See Lachat v. Hinchliffe,* 769 A.2d 481, 487 (Pa.Super.2001).

The purpose of a civil contempt order is to coerce the contemnor to comply with a court order. *See Gunther v. Bolus,* 853 A.2d 1014, 1016 (Pa.Super.2004), *appeal denied,* 578 Pa. 709, 853 A.2d 362 (2004). Punishment for contempt in support actions is governed by 23 Pa. C.S. § 4345. Section 4345 provides that

(a) **General rule.**—A person who willfully fails to comply with any order under this chapter, except an order subject to section 4344 (relating to contempt for failure of obligor to appear), may, as prescribed by general rule, be adjudged in contempt. Contempt shall be punishable by any one or more of the following:

(1) Imprisonment for a period not to exceed six months.

(2) A fine not to exceed $1,000.

(3) Probation for a period not to exceed one year.

(b) **Condition for release.**—An order committing a defendant to jail under this section shall specify the condition

the fulfillment of which will result in the release of the obligor.

23 Pa.C.S. § 4345.

To be found in civil contempt, a party must have violated a court order. *See Garr v. Peters,* 773 A.2d 183, 189 (Pa.Super.2001). Accordingly, the complaining party must show, by a preponderance of the evidence, that a party violated a court order. *See Sinaiko v. Sinaiko,* 445 Pa.Super. 56, 664 A.2d 1005, 1009 (1995). The alleged contemnor may then present evidence that he has the present inability to comply and make up the arrears. *See Barrett v. Barrett,* 470 Pa. 253, 264, 368 A.2d 616, 621 (1977); *see also, Sinaiko,* 664 A.2d at 1009. When the alleged contemnor presents evidence that he is presently unable to comply[,] the court, in imposing coercive imprisonment for civil contempt, should set conditions for purging the contempt and effecting release from imprisonment with which it is convinced beyond a reasonable doubt, from the totality of the evidence before it, the contemnor has the present ability to comply.

*Childress v. Bogosian,* 12 A.3d 448, 465 (Pa.Super.2011) (quoting *Hyle,* 868 A.2d at 604–605 (citation omitted)).

In a similar case, *Hyle, supra,* this Supreme Court found the trial court abused its discretion in imposing a purge amount for civil contempt which Hyle did not have the present ability to pay. *Hyle,* 868 A.2d at 606. After Hyle failed to pay spousal and child support, incurred substantial arrearages, and refused to find employment, the trial court repeatedly found Hyle in civil contempt and sentenced Hyle to six months imprisonment with a purge amount ($2,500). *Id.* at 603–604. As a result, Hyle spent several years in prison as he claimed he could not pay the purge amount. *Id.* Although this Court found the trial court was warranted in finding

Hyle in contempt, this Court concluded that the trial court erred in imposing a purge amount which Hyle did not have the ability to pay. *Id.* at 605. Hyle had no assets except for minimal money in his prison account and a 1987 Crown Victoria automobile. *Id.* This Court emphasized that "a court may not convert a coercive sentence into a punitive one by imposing conditions that the contemnor cannot perform and thereby purge himself of the contempt." *Id.* at 605–606 (citing *Barrett,* 470 Pa. at 262, 368 A.2d at 621).

■ In this case, the trial court did not err in finding Appellant in civil contempt as Appellant clearly violated a court order to satisfy his substantial child support arrearages of $4,244.00. In a two year period in which he was required to make $300 monthly payments, Appellant made one payment of $10.75. N.T. 9/9/11, at 2. Appellant conceded that he made some money under the table as an auto mechanic and an ice cream truck driver, but admittedly failed to make child support payments for over two years. *Id.* at 3–4. We find that Appellant willfully violated the trial court's order to pay his child support arrearages.

However, in reviewing the testimony of the contempt hearing, we note that the trial court failed to consider Appellant's ability to pay a purge amount of $4,244.00, the entire amount of his arrearages. Appellant repeatedly claimed he could not pay this high purge amount as he was unemployed, had no assets, and was living with his sister. N.T. 9/9/11, at 4. Appellant asked the trial court to lower the purge amount and requested a deferred commitment to give him an opportunity to gain employment to start making the payments. *Id.* at 4. Appellant admitted he could make a $1,000 payment with borrowed money. *Id.* at 7. The trial court found Appellant's offers were "too little,

too late." *Id.* We conclude that the trial court did not consider Appellant's present ability to comply with its order to pay the entire amount of arrears to purge the contempt.

Accordingly, as there was insufficient evidence that Appellant had the present ability to comply with the trial court's order to pay the purge amount, we are constrained to vacate the trial court's September 9, 2011 order directing Appellant to pay $4,244.00. We remand for the trial court to hold an evidentiary hearing to determine what conditions will be sufficiently coercive yet enable Appellant to comply with the order.

Order of September 9, 2011 affirmed in part and vacated in part. Case remanded for further proceedings consistent with this opinion. Order of November 2, 2011 vacated. Jurisdiction relinquished.

BOWES, J. joins the majority opinion and the concurring opinion.

STRASSBURGER, J. files a concurring opinion.

## CONCURRING OPINION BY STRASSBURGER, J.

I join President Judge Stevens' well-reasoned opinion. Because this Court is remanding the case, I write separately to point out a discrepancy in the trial court order from which the appeal was taken that the trial court may want to consider.

That order reads as follows:

And now, September 9, 2011, after the hearing, the Court finds the Defendant has willfully failed to comply with the Court Order when he was capable of complying, and therefore finds the defendant in willful **civil contempt** of Court.

The specific acts or failure to act on the part of Defendant which constitutes the contempt: Failure to make regular payments on the support order and/or arrears. Failure to report changes in address and/or employment. **Failure to appear for a Contempt Conference on 2/22/11.**

As a result thereof, it is Ordered that Defendant be: Committed to the Berks County Jail System for 6 months, beginning 9/9/11.

Defendant may PURGE the contempt by: a) A Cash Lump sum payment on the case in the amount of $4244.00. c) Payment through work release earnings on the case in the amount of $2000.00.

BY THE COURT:

/s/ James M. Bucci

Trial Court Order, 9/9/2011 (emphasis added).

Although the trial court characterizes this order as being civil contempt, the failure to appear before the trial court for a conference is criminal contempt. The statutes governing contempt provide as follows:

**§ 4344. Contempt for failure of obligor to appear**

A person who willfully fails or refuses to appear in response to a duly served order or other process under this chapter may, as prescribed by general rule, be adjudged in contempt. Contempt shall be punishable by any one or more of the following:

(1) Imprisonment for a period not to exceed six months.

(2) A fine not to exceed $500.

(3) Probation for a period not to exceed six months.

23 Pa.C.S. § 4344.

**§ 4345. Contempt for noncompliance with support order**

(a) **General rule.**—A person who willfully fails to comply with any order un-

der this chapter, except an order subject to section 4344 (relating to contempt for failure of obligor to appear), may, as prescribed by general rule, be adjudged in contempt. Contempt shall be punishable by any one or more of the following:

(1) Imprisonment for a period not to exceed six months.

(2) A fine not to exceed $1,000.

(3) Probation for a period not to exceed one year.

**(b) Condition for release.**—An order committing a defendant to jail under this section shall specify the condition the fulfillment of which will result in the release of the obligor.

23 Pa.C.S. § 4345.

The above-cited statutes are substantially the same; but, the statute governing the non-compliance with a support order includes a purge condition, or a way for the contemnor to rid himself of the contempt. That additional language is the hallmark of civil contempt.

Civil contempt has as its dominant purpose to enforce compliance with an order of court for the benefit of the party in whose favor the order runs, while criminal contempt has as its dominant purpose, the vindication of the dignity and authority of the court and the protection of the interest of the general public. This distinction between civil and criminal contempt is important because the type of contempt being punished will determine the manner in which the contempt is to be adjudicated as well as the punishment which may be imposed. **It must be noted that the characteristic that distinguishes civil from criminal contempt is the ability of the contemnor to purge himself of civil contempt by complying with the court's directive.**

*Wetzel v. Suchanek,* 373 Pa.Super. 458, 541 A.2d 761, 763 (1988) (internal citations omitted; emphasis added).