J-A15045-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| M.S. | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| Y.W.S. | |
| Appellant | No. 3625 EDA 2015 |

Appeal from the Order October 27, 2015
In the Court of Common Pleas of Montgomery County
Civil Division at No(s): No. 2011-24320

BEFORE: FORD ELLIOTT, P.J.E., DUBOW, J., and JENKINS, J.

MEMORANDUM BY JENKINS, J.:                    **FILED OCTOBER 21, 2016**

In this child custody dispute between M.S. ("Father") and Y.W.S. ("Mother"), Mother appeals from an order dated October 27, 2015 dismissing Mother's counterclaim as moot. Mother also appeals another provision in the same order denying her petition to hold Father in contempt. We affirm, but we also remand with instructions for the trial court to amend a custody order dated July 18, 2013 to give Mother sole legal and physical custody of Father's and Mother's child, A.S. ("Child").

The record reflects that Father and Mother are the natural parents of Child, who was born in 2005. In 2010, Father and Mother divorced. On August 25, 2011, Father filed a complaint seeking custody of Child. On October 17, 2011, prior to a custody conciliation hearing, the court ordered the case "marked as settled" pursuant to a stipulation between Father and

1

Mother giving both parents shared legal custody, giving Mother primary physical custody and giving Father partial physical custody. The court directed that Father's complaint would only be relisted for custody conciliation upon application within 30 days. No party made any application within 30 days.

On June 17, 2013, Father filed a petition to modify custody. On July 18, 2013, the court signed an order making the October 17, 2011 custody agreement an order of the court.[1] No further proceedings took place on Father's first petition.

On January 15, 2014, Father filed a second petition to modify custody. On April 16, 2014, Mother filed a Protection From Abuse petition against Father. On April 24, 2014, the court entered an interim order providing for supervised visitation between Father and Child during specific time periods every Wednesday and Saturday. On June 24, 2014, the court ordered that the parties "agreed to split 50/50" the costs of the testimony of Dr. Gerald Cooke, the parties' agreed-upon expert custody evaluator. The court scheduled a hearing on Father's modification petition for July 13, 2015. On that date, both counsel agreed on the record to continue the custody

_____

[1] The July 18, 2013 order has not formally been amended, but as discussed below, it should be amended on remand in accordance with Father's agreement to give Mother sole legal and physical custody of Child.

petition, and that the petition would remain open to be relisted upon request of counsel.

Three days later, on July 16, 2015, Mother filed a petition for contempt alleging that Father failed to pay his share of the cost of Dr. Cooke's testimony. On July 30, 2015, new counsel entered his appearance for Mother.

On September 16, 2015, during a hearing on Mother's contempt petition, counsel for Father stated that Father had made a settlement proposal to Mother in which Father agreed to "walk away", i.e., give up his custody claim and give Mother legal and physical custody of Child. Counsel for Mother replied that Mother had a counterclaim in custody which would prohibit Father from withdrawing his claim. Counsel for Father replied that there was no such counterclaim on the docket. The court continued the contempt hearing and directed the parties to notify the court of any outstanding custody claims. Later that day, Mother filed a counterclaim for "an award of custody of [Child]" – the same resolution that Father had already offered Mother earlier that day.

On September 25, 2015, Father filed preliminary objections to Mother's counterclaim and a petition to withdraw his initial August 25, 2011 custody complaint.

On October 21, 2015, the court held a hearing on the various petitions. When Mother testified, Father's counsel inquired during cross-

examination: "Did you have an understanding that [Father] was willing to offer you sole legal and full physical custody of your child?" Counsel for Mother objected that "settlement negotiations" are privileged, and that there was no "signed agreement" between the parties. Father's counsel replied: "We signed an agreement. I forwarded it to Ms. Kerns, a signed agreement by [Father]." N.T., 10/21/15, at 18-20.

Father testified that in accordance with the court's June 26, 2014 order, he paid for half of the cost of Dr. Cooke's evaluation, but he did not pay half of the cost of Dr. Cooke's testimony fee because he was out of money. As a result of his financial troubles, he told his attorney that he wanted to settle. Counsel asked Father: "Is that offer to settle this case remain available at this point in time?" Father answered: "Yes". Father also testified that because there was an offer of settlement where he was relinquishing legal and physical custody of the child, he did not think he had to pay for Dr. Cooke's testimony "...because of the offer of settlement[,] there was nothing to try." N.T., 10/21/15, at 29, 33, 41.

On October 27, 2015, the court (1) denied Mother's petition for contempt, (2) granted Father's preliminary objections to Mother's counterclaim on the ground that the custody complaint was "resolved by the parties in an agreed custody order dated October 17, 2011, submitted to the Court in July 2013, and made an order of the Court on July 18, 2013, [rendering Mother's] September 16, 2015 Counterclaim for Custody moot,"

and (3) denied Father's petition to withdraw his custody complaint as moot. Order, 10/27/15, at 1-2. Mother filed a timely notice of appeal, and both Mother and the trial court complied with Pa.R.A.P. 1925.

Mother raises two arguments in this appeal:

1. THE TRIAL COURT COMMITTED AN ABUSE OF DISCRETION AND ERRORS AT LAW IN DISMISSING THE CUSTODY COMPLAINT OF FATHER ALONG WITH THE TWO PETITIONS FOR MODIFICATION OF CUSTODY FILED BY FATHER AND THE COUNTERCLAIM FOR CUSTODY FILED BY MOTHER ON TECHNICAL PROCEDURAL GROUNDS IGNORING THE PRECEPT THAT CUSTODY CASES ARE TO BE DECIDED IN THE BEST INTERESTS OF THE MINOR CHILD.

2. THE COURT BELOW COMMITTED AN ABUSE OF DISCRETION IN NOT HOLDING FATHER IN CONTEMPT AND NOT ORDERING FATHER TO PAY HIS SHARE OF EXPERT WITNESS FEES.

Brief for Mother, at 5.

The trial court reasoned in its opinion that Mother waived both of these issues by failing to state them with specificity in her Pa.R.A.P. 1925(b) statement. Although the Pa.R.A.P. 1925(b) statement is not a model of clarity, we conclude that it satisfactorily raised both issues. Therefore, we will resolve this appeal on other grounds.

Mother first argues that her counterclaim prevented the trial court from dismissing Father's custody complaint and modification petitions. Our standard of review of custody orders is very narrow. We are limited to determining whether the trial court committed a gross abuse of discretion. *Yates v. Yates*, 963 A.2d 535, 538 (Pa.Super.2008). When reviewing an appeal from a custody order, we should not substitute our judgment for that

of the trial court; we should merely decide if the conclusions of the trial court involve an error of law or are unreasonable in light of its factual findings. **Hanson v. Hanson**, 878 A.2d 127, 129 (Pa.Super.2005).

"Generally, an actual claim or controversy must be present at all stages of the judicial process for the case to be actionable or reviewable.... If events occur to eliminate the claim or controversy at any stage in the process, the case becomes moot." **J.S. v. Whetzel**, 860 A.2d 1112, 1118 (Pa.Super.2004). We may *sua sponte* raise the issue of mootness, because "courts cannot decide moot or abstract questions, nor can we enter a judgment or decree to which effect cannot be given." **Orfield v. Weindel**, 52 A.3d 275, 277 (Pa.Super.2012).

The trial court observed that Mother's counterclaim is moot "because the parties' initial custody dispute had been resolved by agreement on October 17, 2011. Mother filed her custody counterclaim on September 16, 2015, four years after the initial custody filing was resolved by agreement, and two years after the agreement was made an order of the court on July 17, 2013." Pa.R.A.P. 1925 Opinion, at 15. The court also observed that the evidence presented during the October 21, 2015 hearing established that Father had offered Mother sole physical and legal custody, both verbally and in writing -- precisely the relief Mother requested in her counterclaim. *Id*. at 15 n. 2. Because Father has voluntarily given Mother everything that she

asked for, there no longer exists any actual case or controversy. The trial court properly dismissed Mother's counterclaim as moot.

In her second argument, Mother contends that the trial court erred by denying her contempt petition for expert witness fees. We disagree.

When reviewing an appeal from a contempt order, the appellate court "must place great reliance upon the sound discretion of the trial judge." *Godfrey v. Godfrey*, 894 A.2d 776, 780 (Pa.Super.2006). The scope of review for the appellate court is very narrow, and the appellate court is limited to "determining whether the trial court committed an abuse of discretion." *Id*. The trial court abuses its discretion in a contempt case if it "misapplies the law or exercises its discretion in a manner lacking reason." *Id*. In order to support a finding of civil contempt, the petitioner must prove that the contemnor had notice of the specific order or decree which is alleged to have been disobeyed; that the act constituting the contemnor's violation was volitional; and that the contemnor acted with wrongful intent. *Harcar v. Harcar*, 982 A.2d 1230, 1235 (Pa.Super.2009). A party alleging contempt of a court order has the burden to show a party violated an order by a preponderance of the evidence. *Hopkins v. Byes*, 954 A.2d 654, 656 (Pa.Super.2008).

The trial court correctly reasoned that Father did not behave contemptuously:

> Father testified that he paid his percentage share of Dr. Cooke's custody evaluation fee, but that he did not pay his percentage

- 7 -

share of Dr. Cooke's testimony expenses. Father testified that since he offered Mother sole legal and physical custody of the child, he thought that the case would be settled, therefore, Dr. Cooke would not have to appear in court to testify. [Thus], Father [did not] act[] with wrongful intent, which is a necessary conclusion for the court to make prior to a finding of contempt …

Furthermore, the June 26, 2014 order did not state a specific time frame in which Father was required to pay Dr. Cooke's testimony expenses in advance of a custody trial[;] therefore, the order was ambiguous as to the requirement of the timing of Father's payment. Mother's argument that the July 2015 continuance of the custody hearing was due to Father's failure to pay Dr. Cooke's testimony expenses is not supported by the evidence; the notes of testimony from the July 13, 2015 listing clearly indicate that the continuance of the trial was based on a joint request made by both [attorneys], with the intention of reaching a resolution to the case. It was not, as Mother argued at the September 16, 2015 and October 21, 2015 hearings, due to Father's failure to pay Dr. Cooke's testimony expenses.

Pa.R.A.P. 1925 Opinion, at 13-14. For these reasons, the trial court correctly denied Mother's contempt petition.

Thus, we affirm both portions of the October 27, 2015 order that Mother challenges. We observe, however, that the trial court has not amended its July 18, 2013 order to reflect Father's agreement on October 21, 2015 to give Mother sole legal and physical custody of Child. On remand, the trial court shall amend the July 18, 2013 order to provide Mother with sole legal and physical custody of Child. The trial court shall not impose sanctions, legal fees or other costs upon Father in connection with this amendment.

Order affirmed. Case remanded for further proceedings consistent with this memorandum. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 10/21/2016