J-S84003-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| JOE BUCK PROPERTIES, LLC | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| RANDY ROCCO | |
| Appellant | No. 1061 EDA 2016 |

Appeal from the Order March 23, 2016
In the Court of Common Pleas of Bucks County
Civil Division at No(s): No. 2015-07371

BEFORE:  OLSON, SOLANO and FITZGERALD,* JJ.

JUDGMENT ORDER BY OLSON, J.:  **FILED DECEMBER 20, 2016**

Appellant, Randy Rocco, appeals *pro se* from the order entered on March 23, 2016, granting summary judgment to Joe Buck Properties, LLC (Joe Buck) in an ejectment action.  We dismiss the appeal as moot.

We briefly summarize the facts and procedural history of this case as follows. In 2003, Appellant executed a mortgage and promissory note on a property located at 224 Creekwood Drive in Bucks County, Pennsylvania.  In 2009, the mortgage company filed a complaint in mortgage foreclosure against Appellant and later filed a motion for summary judgment.  Appellant filed a response and cross-motion for summary judgment, alleging the mortgage company fraudulently obtained the mortgage.  The trial court granted the mortgage company's motion for summary judgment.  In its subsequent opinion, the trial court addressed Appellant's allegations of

_____

* Former Justice specially assigned to the Superior Court.

fraud, specifically rejecting Appellant's claim that the mortgagee's agent notarized her own signature on the mortgage. On appeal, we affirmed the trial court's decision in an unpublished memorandum. *See Citi Mortgage, Inc. v. Randy Rocco*, 121 A.3d 1122 (Pa. Super. 2015) (unpublished memorandum). Our Supreme Court denied further review. *See Citi Mortgage, Inc. v. Randy Rocco*, 128 A.3d 1204 (Pa. 2015).

In August 2015, Joe Buck purchased the property by sheriff's sale. In October 2015, Joe Buck filed a complaint in ejectment against Appellant. In January 2016, Joe Buck filed a motion for summary judgment that the trial court granted by order filed on March 23, 2016. This timely *pro se* appeal resulted. On May 16, 2016, Appellant filed an application for an emergency stay of ejectment with this Court, which we denied by *per curiam* order on May 20, 2016.

On appeal, Appellant presents four allegations of error related to his prior claims of fraud in the underlying mortgage foreclosure action. Those issues have already been decided and we are bound by the prior panel's decision. *See Burkett v. St. Francis Country House*, 133 A.3d 22, 36 (Pa. Super. 2016) (The Superior Court is constitutionally bound by prior Superior Court panel decisions). Thus, only issues related to the ejectment action would be properly before us.

However, during the pendency of this appeal, Joe Buck filed a motion to dismiss the appeal as moot. In its motion, Joe Buck avers the ejectment proceeded and it secured possession of the premises on June 7, 2016. In

support of its motion, Joe Buck attached a copy of the Buck's County docket in this matter noting the eviction was completed. Appellant has not responded. This Court has previously determined:

> Our courts cannot decide moot or abstract questions, nor can we enter a judgment or decree to which effect cannot be given. As a general rule, an actual case or controversy must exist at all stages of the judicial process, or a case will be dismissed as moot. An issue can become moot during the pendency of an appeal due to an intervening change in the facts of the case or due to an intervening change in the applicable law.
>
> *        *        *
>
> This Court will decide questions that otherwise have been rendered moot when one or more of the following exceptions to the mootness doctrine apply: 1) the case involves a question of great public importance, 2) the question presented is capable of repetition and apt to elude appellate review, or 3) a party to the controversy will suffer some detriment due to the decision of the trial court.

***Orfield v. Weindel***, 52 A.3d 275, 277–78 (Pa. Super. 2012). Here, because the issue of possession, which was the subject of the ejectment action, is resolved, there is no actual controversy. ***See Wolf v. Long***, 468 A.2d 508, 509 (Pa. Super. 1983) (dismissing an appeal from an ejectment action as moot, where the only questions before the court related to possession and where the tenants vacated the premises while the appeal was pending). None of the three exceptions to the mootness doctrine apply herein.

Motion to dismiss the appeal as moot granted. Appeal dismissed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 12/20/2016