J-S06016-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | | |
|---|---|---|---|
| R.M.G. | : | IN THE SUPERIOR COURT OF | |
| | : | PENNSYLVANIA | |
| Appellant | : | | |
| | : | | |
| | : | | |
| v. | : | | |
| | : | | |
| | : | | |
| C.A.G. | : | No. 3109 EDA 2018 | |

Appeal from the Order Entered September 25, 2018
In the Court of Common Pleas of Lehigh County Domestic Relations at
No(s):  2012-FC-1061

BEFORE:  BOWES, J., DUBOW, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY DUBOW, J.:                       **FILED MAY 06, 2019**

Appellant, R.M.G. ("Mother"), appeals from the September 25, 2018 Custody Order which granted the Petition for Modification of Custody filed by Appellee, C.A.G. ("Father"), and awarded Father sole legal custody and primary physical custody of J.G. ("Child").  Upon careful review, we affirm.

The relevant factual and procedural history is as follows.  Mother and Father were married in 1996 and divorced in October 2011.  They are parents of two adult children and 15-year-old Child, who is the subject of this appeal.  In August 2012, Mother filed a Complaint for Custody and the parents reached an Agreed Final Order awarding Mother and Father shared legal custody, Mother primary physical custody, and Father partial physical custody every other weekend.  From August 2016 until June 2018, Father filed three Petitions to Modify Custody and one Petition for Contempt; Mother filed one Petition to Modify Custody.  The parents ultimately resolved each petition with three

Agreed Final Orders issued in September 2016, August 2017, and February 2018, respectively, awarding parents shared legal custody, Mother primary physical custody, and Father various types of partial physical custody to coincide with his fluctuating work schedule.

On March 8, 2018, Father filed a fourth Petition to Modify Custody and on June 15, 2018, the parents agreed to an Interim Custody Order that awarded parents shared legal custody and alternating periods of physical custody.  On July 10, 2018, Father filed a second Petition for Contempt, alleging that Mother was not complying with the Interim Custody Order and not allowing him visitation with Child.

On September 13, 2018, the trial court held a hearing on Father's Petitions for Modification and Contempt.  Both parents proceeded *pro se*.  The trial court made the following findings:

> Currently, Mother is not employed, but is looking for work.  Father is a railroad engineer; he has a difficult work schedule which varies on short notice.  Each parent lives alone, and [Child] has his own bedroom when in each parent's home.  Father relies upon his mother and daughter, Lindsay, who is in her late 20's or early 30's, to care for [Child] when he is at work.

> The parties' level of communication is abysmal. Mother believes Father's goal is to keep [Child] away from her; there is no evidence of it.  Mother believes Father wants everything his way; there is no evidence of that either.  Father has his daughter and [Child]'s paternal grandmother care for [Child] when he cannot due to his work schedule; Mother is obsessed with [Child] being with her rather than with Father's daughter and mother when Father is at work.  [Child] attends cyber school; he has very little socialization with other kids.

Father believes [Child] should attend a "bricks and mortar" school where he can find friends and be involved in activities. Father also believes [Child] should be in counseling. He also believes Mother is vindictive because he has started to date, and before that they were able to get along as co-parents.

* * *

[Child] is one month short of 15 years old. He was interviewed with both parents present. He gets along "very well" with his sister. Mother denigrates Father; Father does not say negative things about Mother. When Mother worked, she left [Child] home alone from 8:30 a.m. until 2:30 p.m.; she now complains when [Child] is left alone at Father's house. [Child] is not happy when the parents fight; he very much wishe[s] they would stop. Father has demonstrated restraint; Mother has not, even before the [c]ourt.

The parties have different parenting philosophies. In general, Mother believes a child should be with his mother rather than anyone else and, in particular, with her rather than anyone other than Father. Mother sees no harm in [Child] attending cyber school; Father believes [Child] has no friends, is shy, lacks self-confidence and would benefit by socializing with other children at a more traditional school. Father sees no harm in [Child] being alone for some periods of time; Mother is more protective of [Child].

Trial Court Memorandum Opinion, filed 9/25/18, at 1-3. The trial court also engaged in an analysis of the 23 Pa.C.S. § 5328 Custody Factors. *See id.* at 3-5.

On September 25, 2018, the trial court issued a Final Custody Order, which granted Father's Petition for Modification, denied Father's Petition for Contempt, and awarded Father sole legal custody and primary physical custody of Child. The Order awarded Mother partial physical custody every other weekend, every Wednesday and Thursday evening, and any other time upon which the parents agree.

- 3 -

On October 19, 2018, Mother filed a Motion for Reconsideration.[1] On the same day, Mother filed a Notice of Appeal. Both Mother and the trial court complied with Pa.R.A.P. 1925.

Mother raises the following issues on appeal:

1. Did the trial court abuse its discretion by reaching conclusions unsupported by competent evidence on the record, and making unreasonable inferences therefrom, including the trial court's factual findings (1) that there is no evidence that Father's goal is to keep [Child] away from Mother, (2) that there is no evidence that Father wants everything his way and the trial court's conclusions that (3) Father is the party more likely to encourage and permit frequent and continuing contact between [Child] and the other party, (4) that Father is capable of providing adequate supervision of [Child], (5) that Father is more likely to meet [Child]'s emotional needs, (6) that Father is more likely to attend to [Child]'s educational needs and development, (7) that father is able to make appropriate child care arrangements, and (8) that the level of conflict between the parties is high, especially on Mother's part and neither party is willing to communicate, let along cooperate, with each other.

2. Did the trial court abuse its discretion by ruling that Father should have sole legal custody and primary physical custody of [Child], without analyzing the factors found in [**Yates v. Yates**, 963 A.2d 535 (Pa. 2008)] and without supporting credible evidence or testimony?

Mother's Brief at 6-7 (reordered for ease of disposition).

---

[1] The trial court did not grant the Motion for Reconsideration within the 30-day appeal period and, thus, the trial court lost jurisdiction to rule on this Motion. **See** Pa.R.A.P. 1701(b)(3); **Orfield v. Weindel**, 52 A.3d 275, 277 (explaining that trial court loses jurisdiction to alter its decision if it fails to grant a motion for reconsideration before the end of the 30-day appeal period).

The Child Custody Act, 23 Pa.C.S. §§ 5321-5340, governs all custody proceedings commenced after January 24, 2011. *E.D. v. M.P.*, 33 A.3d 73, 77 (Pa. Super. 2011). The Custody Act requires a trial court to consider all of the Section 5328(a) best interests factors when "ordering any form of custody." 23 Pa.C.S. § 5328(a). A trial court must "delineate the reasons for its decision when making an award of custody either on the record or in a written opinion." *S.W.D. v. S.A.R.*, 96 A.3d 396, 401 (Pa. Super. 2014). *See also* 23 Pa.C.S. § 5323(a) and (d). However, "there is no required amount of detail for the trial court's explanation; all that is required is that the enumerated factors are considered and that the custody decision is based on those considerations." *M.J.M. v. M.L.G.*, 63 A.3d 331, 336 (Pa. Super. 2013).

When reviewing child custody matters and the trial courts consideration of the Section 5328(a) factors, our paramount concern is the best interests of the child. *See Saintz v. Rinker*, 902 A.2d 509, 512 (Pa. Super. 2006). "The best interests standard, decided on a case-by-case basis, considers all factors which legitimately have an effect upon the child's physical, intellectual, moral and spiritual well-being." *Id.* (quotation and citation omitted).

This Court reviews a custody determination for an abuse of discretion. *In re K.D.,* 144 A.3d 145, 151 (Pa. Super. 2016). We will not find an abuse of discretion "merely because a reviewing court would have reached a different conclusion." *Id.* (citation omitted). Rather, "[a]ppellate courts will find a trial court abuses its discretion if, in reaching a conclusion, it overrides or

misapplies the law, or the record shows that the trial court's judgment was either manifestly unreasonable or the product of partiality, prejudice, bias or ill will." *Id.*

Further, when this Court reviews a trial court's "best interests" analysis in custody matters, our scope of review is broad, but we are "bound by findings supported in the record, and may reject conclusions drawn by the trial court only if they involve an error of law, or are unreasonable in light of the sustainable findings of the trial court." *Saintz, supra* at 512 (quotation and citation omitted). Importantly, "[o]n issues of credibility and weight of the evidence, we defer to the findings of the trial judge who has had the opportunity to observe the proceedings and demeanor of the witnesses." *K.T. v. L.S.*, 118 A.3d 1136, 1159 (Pa. Super. 2015) (citation omitted). We can only interfere where the "custody order is manifestly unreasonable as shown by the evidence of record." *Saintz,* **supra** at 512 (citation omitted).

In her first issue, Mother avers that the trial court abused its discretion by reaching conclusions unsupported by evidence in the record. Mother's Brief at 36. Mother first argues that the record does not support the trial court's findings that 1) Father does not try to keep Child away from Mother and 2) Father does not want everything his way. Appellant's Brief at 36-38, 40-43. Simply put, Mother argues that the evidence shows Father is trying to keep Child away from Mother and Father wants everything his way. To support this argument, Mother highlights evidence that Father left Child at home alone on

numerous occasions rather than calling Mother to watch Child, Father refuses to pick up Child, and Father refuses to tell Mother his work schedule. *Id*.

In making her arguments, Mother overlooks Father's testimony. Father stated that he leaves Child alone because Child needs to "learn how to be responsible for himself" and "become more independent and grow into a man" and Mother disagrees and is a "helicopter parent." N.T. Hearing, 9/13/18, at 10, 42. Father also testified, "this is about spending time with my son. I'm not trying to make [Mother]'s life difficult." *Id*. at 39. Moreover, contrary to Mother's testimony in court, Father testified that he has tried to pick up Child and Mother often refuses to let him take Child or would not be home. *Id*. at 40. As stated above, on the issues of credibility and weight of the evidence, we defer to the findings of the trial judge. Our review of the record reveals that the trial court's findings are supported by evidence in the record. We decline to reweigh the evidence to support Mother's conclusions.

Mother next argues that the trial court abused its discretion when it analyzed several of the Section 5328(a) factors, and made the finding that Father is more likely to attend to Child's educational needs and development, meet Child's emotional needs, and encourage contact between the parties. Mother's Brief at 38-40, 43-46, 48-49. Mother argues that the record shows that Child testified that both parents help with his homework, he can talk to both parents, and he is generally happy unless his parents are fighting. *Id*. Mother also asserts that she informed Father about school orientation and

Father failed to respond. *Id*. at 39. Finally, Mother contends that the record is devoid of evidence that Father is more likely to encourage contact. *Id*. at 43-47.

Despite Mother's characterization of the evidence, our review of the record reveals that Father testified that he is concerned about Child's educational situation, emotional needs, his lack of contact with Child, and Mother's unilateral decision-making; specifically, Father testified:

> And [Mother has] made different decisions for [Child] without me knowing, like putting him in cyberschool. She took him out of school and never told me. 21 days later when I finally got to talk to him, I called him every single day, called her for 21 days. I didn't talk to him at all, and she moved him to cyberschool.

> And again, all this is building up. I said enough is enough. I think my son needs to be in counseling, which you said as well, I think, the first time we were in front of you. I've made arrangements for the next couple weeks for him to start seeing a counselor. I think he needs to be out of cyberschool and in a brick and mortar school to be around children his age. He is socially awkward, lacks self-confidence. All he does is sit home by himself all day.

N.T. Hearing at 41-42.

Once again, on the issues of credibility and weight of the evidence, we defer to the findings of the trial judge. Our review of the record reveals that the trial court's findings are supported by Father's testimony.

Mother next avers that the trial court abused its discretion when it analyzed the Section 5328(a) factors and made the finding that both parties were able to provide adequate supervision, care for child, and made appropriate child-care arrangements. Mother's Brief at 47, 49-52. Mother argues that Father's unpredictable work schedule prevents him from being

able to provide adequate supervision and that he leaves Child alone. *Id*. Our review of the record belies this claim. Child is 15 years old, Father testified that he believes Child is old enough to be left alone for a few hours, and Child testified that his grandmother and older sister are both available to watch him at his Father's house. *See* N.T. Hearing at 10, 26, 42. Accordingly, the record supports the trial court's findings.

Finally, Mother asserts that Father contributes to the conflict between the parents more than she does and the trial court abused its discretion when it concluded, "[t]he level of conflict between the parties is high, especially on Mother's part. Neither party seems willing to communicate, let alone cooperate, with each other." Mother's Brief at 52 (citing Trial Ct. Mem. Op. at 5). Mother argues that the record is devoid of instances where Father sought to compromise or cooperate. *Id.* at 53. This argument is nonsensical because the trial court did, in fact, make a finding that Father was unwilling to communicate or cooperate. *See* Trial Ct. Mem. Op. at 5.

Moreover, the trial court's finding that conflict is high, **especially on Mother's part**, is supported by the record. Child testified that Mother says negative things about Father, but Father does not say negative things about Mother. N.T. Hearing at 22. Further, the trial court made a finding that Mother has not demonstrated restraint, "even before the [c]ourt[,]" after the trial court had to threaten to have the sheriff remove Mother from the custody hearing when she refused to follow instructions to be quiet. *See* Trial Ct.

Mem. Op. at 2; N.T. Hearing at 14. The trial court is in the best position to observe the demeanor of the witnesses during the proceedings and we will not disturb the trial court's credibility and weight of the evidence determinations. *See K.T., supra* at 1159.

The record supports all of the trial court's findings that Mother now challenges. We decline to reweigh the evidence or substitute our judgment for the court's credibility determinations. Accordingly, the trial court did not abuse its discretion and Mother is not entitled to relief on her first claim.

In her second issue, Mother avers that the trial court erred when it failed to engage in an analysis of the *Yates* factors to determine whether to award shared legal custody. Mother's Brief at 30. Mother argues that the factual findings of the trial court and the evidence presented at trial support an award of shared legal custody under *Yates. See* Father's Brief at 30-36. As discussed below, Mother's claim lacks merit.

In *Yates, supra*, prior to the adoption of the Custody Act, this Court held that a trial court must consider the following factors when determining whether to award shared legal custody:

> (1) whether both parents are fit, capable of making reasonable child rearing decisions, and willing and able to provide love and care for their children; (2) whether both parents evidence a continuing desire for active involvement in the child's life; (3) whether the child recognizes both parents as a source of security and love; and (4) whether a minimal degree of cooperation between the parents is possible.

*Yates*, *supra* at 542. However, after the implementation of the Custody Act, this Court has held that these four legal custody factors have been "assimilated into" or "entirely consumed" by Section 5328(a). *S.T. v. R.W.*, 192 A.3d 1155, 1170 (Pa. Super. 2018); *see also P.J.P. v. M.M*, 185 A.3d 413, 415, 420 (Pa. Super. 2018) (stating that these four custody factors have been superseded by statute and analyzing them prior to awarding shared custody is obsolete). Accordingly, it is not necessary for a trial court to engage in an analysis of the *Yates* factors rather than the Section 5328(a) factors prior to awarding legal custody to a party.

Here, the trial court considered all of the Section 5328(a) best interests factors and delineated the reasons for its decision in a written opinion and our review of the record supports the trial court's findings. Thus, Mother's second issue lacks merit.

In conclusion, the trial court engaged in an analysis of the Section 5328(a) factors to determine which custody arrangement was in Child's best interest and its findings are supported by the record. Therefore, we find no abuse of discretion or error of law in the trial court's award of sole legal custody and primary physical custody of Child to Father.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/6/19