J-S29016-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| JUSTIN LEONARD AND ELIZABETH LEONARD, H/W | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| Appellants | : | |
| | : | |
| v. | : | |
| | : | |
| | : | No. 54 EDA 2020 |
| THE NEMA GROUP, LLC | : | |

Appeal from the Judgment Entered December 9, 2019
In the Court of Common Pleas of Monroe County Civil Division at No(s):
2418 CV 2018

BEFORE: PANELLA, P.J., NICHOLS, J., and PELLEGRINI, J.[*]

MEMORANDUM BY NICHOLS, J.:                          Filed: August 6, 2020

Appellants Justin Leonard and Elizabeth Leonard, husband and wife, appeal from the judgment entered in favor of Appellee The Nema Group, LLC. Appellants contend that the trial court erred by not granting a continuance of a rule to show cause hearing due to Appellants' counsel's medical emergency. Because we agree with the trial court that Appellants are entitled to relief, we vacate the judgment, reverse the November 12, 2019 order dismissing the matter, and remand for further proceedings.

The facts underlying Appellants' lawsuit are not pertinent to our disposition.    On August 29, 2019, the trial court scheduled a pretrial

_____

[*] Retired Senior Judge assigned to the Superior Court.

conference for September 25, 2019.  Order, 8/29/19.[1]  On September 27, 2019, the trial court issued the following rule to show cause hearing as to why Appellants' suit should not be dismissed because Appellants and their counsel did not appear:

> AND NOW, this 25th day of September, 2019, this matter having been scheduled to come before the Court for a Pre-Trial Conference, and counsel for [Appellee] appearing, but neither [Appellants, Appellee, or counsel for Appellants] appearing, and neither party having filed a Pre-Trial Statement in conformity with the Pennsylvania Rules of Civil Procedure and this Court's August 28, 2019 Order, a Rule is hereby issued upon the parties to show cause why this matter should not be Dismissed with prejudice for failure of the parties to appear for Pre-Trial Conference, for failure of [Appellants'] counsel to appear for Pre-Trial Conference, and for failure of the parties to file Pre-Trial Statements.

Order, 9/27/19.[2]  The order scheduled a hearing for October 25, 2019, at 9:30 a.m.

On October 7, 2019, Appellants' counsel filed a motion for continuance of the October 25th hearing.  Mot. for Continuance, 10/7/19.  Appellants' counsel also filed a pre-trial statement that same day.  On October 10, 2019,

---

[1] The docket reflects an entry date of August 28, 2019.  The prothonotary's affidavit of service for the order states that the order was served on August **29**, 2019, but the prothonotary signed the affidavit with a date of August **28**, 2019.

[2] Although the order was dated September 25, 2019, the prothonotary served the order on September 27, 2019.

the trial court granted the motion for continuance and rescheduled the hearing for November 6, 2019, at 2:00 p.m. Order, 10/10/19.[3]

According to the trial court, on November 6, 2019, the following transpired:

> On the morning of November 6, 2019, we received an *ex parte* communication in chambers, in the nature of a telephone call, from the law offices of [Appellants' counsel]. At that time, we were made aware that [Appellants' counsel] suffered a medical emergency. We were not told the nature of the emergency, and we at no time asked [Appellants' counsel] or his law offices to disclose such private medical information. However, as is standard practice in this [c]ourt, especially after an attorney has missed prior court dates, we requested [Appellants' counsel to] submit a note from a medical professional certifying his presence or admittance at a hospital. Instead, our [c]ourt [a]dministration [o]ffice received a one-page fax, on [Appellants' counsel's] letterhead and written by his legal assistant, indicating he would not be present for the hearing due to a medical emergency.
>
> Considering [Appellants' counsel] failure to attend, due to information that did not conform with this [c]ourt's request, [Appellants' counsel's] failure to attend the pretrial conference on September 25, 2019, [Appellants' counsel's] failure to submit a timely pretrial memorandum, [Appellants'] failure to conduct discovery, and [Appellants'] failure to attend both the pretrial conference on September 25, 2019, and the Rule to Show Cause hearing on November 6, 2019, we dismissed the case with prejudice [as set forth below].

Trial Ct. Op. at 5-6.

On November 12, 2019, the trial court used the following order:

> AND NOW, this 6th day of November, 2019, this matter having been scheduled for hearing on the [c]ourt's September 25, 2019,

---

[3] Although the order was timestamped October 9, 2019, the affidavit of service states that the prothonotary served the order on October 10, 2019.

Rule and neither counsel for [Appellants] nor [Appellants] appearing, but counsel for [Appellee] having appeared on behalf of his client, it is Ordered that this matter is Dismissed **with prejudice.**

Order, 11/12/19 (emphasis added).[4]

On November 19, 2019, Appellants' counsel filed a motion for reconsideration. In it, Appellants' counsel stated as follows:

7. In the morning of November 6, 2019, [Appellants'] counsel . . . was in his doctor's office, where a medical emergency occurred, and counsel was immediately admitted to Chester County Hospital and an in-patient.

8. The administrative assistant immediately wrote to the [c]ourt to notify of [Appellants' counsel's] unavailability and called [Appellee's] counsel to advise him of the circumstances. . . .

9. The administrative assistant was notified by the [c]ourt's staff that a letter from the doctor or hospital was needed.

10. While in the doctor's office awaiting transport to the hospital, [Appellants' counsel] requested a letter from his doctor.

11. That letter was faxed to the [c]ourt, with a notation it was for the judge's eyes only.

Appellants' Mot. for Reconsid., 11/19/19, at 2 (unpaginated). The physician's letter stated that Appellants' counsel "became symptomatic" and that the physician "decided to admit him directly" to the hospital that day. *Id.* at Ex. B.

---

[4] The order, which was dated November 6, 2019, has a timestamp of November 8, 2019, and was served on November 12, 2019.

On November 26, 2019, the trial court scheduled a hearing on Appellants' motion for reconsideration for December 12, 2019, but did not explicitly grant the motion. Order, 11/26/19.[5] On December 9, 2019, Appellants filed a praecipe for entry of judgment[6] and a timely notice of appeal. Appellant filed a timely court-ordered Pa.R.A.P. 1925(b) statement.[7] Subsequently, on December 19, 2019, the trial court granted Appellants' motion for reconsideration and vacated the November 12, 2019 order at issue.[8] Order, 12/19/19.[9]

_____

[5] The order was dated and timestamped on November 22, 2019, but was not served until November 26, 2019, according to the prothonotary's affidavit.

[6] A praecipe for entry of judgment was unnecessary. An order dismissing a case through a non-trial disposition is considered a final and appealable order. *See* Pa.R.A.P. 341; *Mier v. Stewart*, 683 A.2d 930 (Pa. Super. 1996) (stating that "[f]or finality to occur, the trial court must dismiss with prejudice the complaint in full.").

[7] In relevant part, the Rule 1925(b) statement included a claim that the trial court abused its discretion by failing to continue a pretrial conference. Rule 1925(b) Statement, 1/27/20, at 1 (unpaginated).

[8] The trial court, however, lacked jurisdiction to grant Appellant's motion for reconsideration, as the trial court's order was filed outside the thirty-day appeal period. *See Orfield v. Weindel*, 52 A.3d 275, 277 (Pa. Super. 2012). The *Orfield* Court explained as follows:

> As a general rule, Pennsylvania Rule of Appellate Procedure 1701 provides that a trial court loses jurisdiction over a proceeding once a notice of appeal is filed. However, Rule 1701(b)(3) provides an exception when a party files a timely motion for reconsideration "within the time provided or prescribed by law." We note that this exception **requires** the trial court to enter an order expressly granting reconsideration **within** the 30–day appeal period. The

- 5 -

Appellants raise one issue: "Should the [c]ourt have followed the mandate of [Pa.R.C.P. 216(A)(2)] and granted a continuance of the administrative conference where the [c]ourt had written notice that [Appellants'] counsel was sufficiently ill to require immediate admission to the hospital?" Appellants' Brief at 2.

We briefly summarize Appellants' argument, given that the trial court agreed that Appellants are entitled to relief. In support, Appellants quote Rule 216(A)(2), and contend that because their counsel had a medical illness, the trial court abused its discretion by not granting the continuance. *Id.* at 7.

The trial court's opinion states that it was its "continuing desire and intent, in the interest of justice, to allow this case to proceed on the merits," and requests this Court to "remand the case for further proceedings." Trial Ct. Op. at 2-3 (stating it "fundamentally agree[s] with Appellants that this case should proceed forward on the merits").

"We review a trial court's decision to deny a continuance for an abuse of discretion." *Brown v. Halpern*, 202 A.3d 687, 698 (Pa. Super. 2019)

_____

timely grant of a motion for reconsideration within these parameters renders the appeal inoperative and allows the trial court to proceed to the merits of the motion.

*Orfield*, 52 A.3d at 277 (emphases added and citations omitted).

[9] The order was dated December 12, 2019, and timestamped December 17, 2019. The prothonotary's affidavit of service states that the order was served on December 19, 2019.

(citation omitted), *appeal denied*, 217 A.3d 207 (Pa. 2019), *and appeal denied*, 217 A.3d 809 (Pa. 2019). In **Brown**, the defendants argued, among other things, that the trial court erred in denying their request for a continuance of trial because one of their counsel was ill. **Id.** at 698. The **Brown** Court affirmed, noting that the defendants failed to comply with Rule 216(A)(2), which states:

> (A) The following are grounds for a continuance:
>
>     *   *   *
>
> > (2) Illness of counsel of record, a material witness, or a party. If requested a certificate of a physician shall be furnished, stating that such illness will probably be of sufficient duration to prevent the ill person from participating in the trial . . . .

Pa.R.C.P. 216(A)(2). The **Brown** Court held that the trial court did not abuse its discretion because although defendants' counsel provided a physician's certificate, the certificate "was only for *voir dire* and it did not state that the illness would be of sufficient duration to prevent him from participating in trial." **Brown**, 202 A.3d at 698.

Instantly, the trial court has requested that this Court remand the case to allow the case to proceed. **See** Trial Ct. Op. at 2-3. Indeed, the trial court had granted Appellants' motion for reconsideration, although the order was void because it was entered after the trial court lost jurisdiction. **See Orfield**, 52 A.3d at 277. Moreover, unlike the physician's certificate in **Brown**, the physician's letter here stated that Appellants' counsel could not appear for the scheduled hearing. **Cf. Brown**, 202 A.3d at 698. For these reasons, we

vacate the judgment, reverse the November 12, 2019 order dismissing the case with prejudice, and remand for further proceedings.

Judgment vacated.  Trial court's November 12, 2019 order reversed. Case remanded.  Jurisdiction relinquished.


Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary


Date: 8/6/20