J-S35002-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
ZARINAH MUHAMMAD :
:
Appellant : No. 690 MDA 2022

Appeal from the Judgment of Sentence Entered April 6, 2022
In the Court of Common Pleas of Luzerne County Criminal Division at
No(s): CP-40-SA-0000053-2022

BEFORE: BENDER, P.J.E., McLAUGHLIN, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY BENDER, P.J.E.: **FILED JANUARY 11, 2023**

Appellant, Zarinah Muhammad, appeals from the judgment of sentence

of a $300.00 fine, imposed after she was convicted, following a non-jury trial,

of disorderly conduct under 18 Pa.C.S. § 5503(a)(3). Appellant challenges

the sufficiency of the evidence to support her conviction. After careful review,

we reverse Appellant's conviction and vacate her judgment of sentence.

On August 12, 2021, Appellant was charged with disorderly conduct,

pursuant to Sections 5503(a)(2) and (a)(3), in connection with an incident

which the trial court summarized as follows:

> The incident which resulted in the disorderly conduct charges
> occurred at the Judge Bernard C. Brominski building[,] which
> contains the domestic relations and child custody divisions of the
> Luzerne County Court of Common Pleas. [Appellant] attempted
> to enter the Brominski building without a mask at a time when

---

[*] Former Justice specially assigned to the Superior Court.

masks were required. After obtaining a mask, [Appellant] was permitted to enter the building. As she was entering, [Appellant] told a security officer, "I'm not fucking talking to you." She then entered and said "fuck you" to a deputy sheriff and the security officer. [Appellant] then said "fuck you" again as she walked in the direction of the elevator. After entering the elevator, [Appellant] began screaming for help. As a result of her actions, [Appellant] was charged with one count of disorderly conduct for using obscene language and one count for making unreasonable noise. She was found guilty of [disorderly conduct for] using obscene language on April 6, 2022.

Trial Court Opinion ("TCO"), 6/30/22, at 1.

On May 6, 2022, Appellant filed a timely notice of appeal, followed by a timely, court-ordered Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. The trial court filed its Rule 1925(a) opinion on June 30, 2022. Herein, Appellant raises the following issues for our review:

1. Did the trial court err by convicting [Appellant] for [disorderly conduct] using "obscene language[,]" pursuant to 18 Pa.C.S. [§] 5503(a)(3)[,] by failing to utilize the standard set forth by **Miller v. California**[, 413 U.S. 15 (1973),] and **Commonwealth v. Pennix**, 176 A.3d 340, 345 (Pa. Super. 2017)[,] to analyze obscene language?

2. Whether[] "saying" the "f—word" constitutes making unreasonable noise, as alleged within the non-traffic citation filed by the Commonwealth[?]

Appellant's Brief at 6.

Appellant's first issue relates to the sufficiency of the evidence for her conviction under Section 5503(a)(3), which provides that "[a] person is guilty of disorderly conduct if, with intent to cause public inconvenience, annoyance or alarm, or recklessly creating a risk thereof, he … uses obscene language or makes an obscene gesture[.]" 18 Pa.C.S. § 5503(a)(3). In reviewing her

claim, "[t]his Court must view the evidence and all reasonable inferences to be drawn from the evidence in the light most favorable to the Commonwealth as the verdict winner and determine if the evidence was sufficient to enable the fact-finder to establish all the elements of the offense." *Commonwealth v. Kelly*, 758 A.2d 1284, 1286 (Pa. Super. 2000) (citation omitted).

Instantly, Appellant does not dispute using the language described, *supra*, which led to her conviction but, rather, she argues that the language used did not constitute "obscene language" under Pennsylvania law. Appellant's Brief at 9. Thus, we consider the definition of "obscene" as it relates to this matter. "This Court has held that, for purposes of a disorderly conduct statute prohibiting the use of obscene language, language is obscene if it meets the test set forth in *Miller v. California*, [*supra*] …." *Pennix*, 176 A.3d at 345 (citing *Kelly*, 758 A.2d at 1286). The guidelines set forth by the United States Supreme Court in *Miller* for determining what language constitutes "obscenity" are as follows:

> (a) whether "the average person, applying contemporary community standards" would find that the work, taken as a whole, appeals to the prurient interest, (b) whether the work depicts or describes, in a patently offensive way, sexual conduct specifically defined by the applicable state law, and (c) whether the work, taken as a whole, lacks serious literary, artistic, political, or scientific value.

*Id.* (quoting *Kelly*, 758 A.2d at 1286).

Applying these guidelines in *Kelly*, we reversed the appellant's conviction for disorderly conduct under Section 5503(a)(3) for profanely responding "fuck you, asshole" to a street department employee and

accompanying the response with the extension of his middle finger. The **Kelly**

Court explained:

> Here, the record supports a conclusion that [the a]ppellant's use of the "F—word" and use of the middle finger were angry words and an angry gesture having nothing to do with sex. The words and gesture were meant to express disrespect to and to offend[] the [b]orough employee. The record fails to support a conclusion that the words and gesture, as used in the circumstances of [the a]ppellant's case, appeal to the prurient interest or a depiction, in a patently offensive way, of relevant sexual conduct. Thus, while the words and conduct used by [the a]ppellant were disrespectful, insulting, and offensive, they were in the circumstances of this case, not "obscene" within the meaning of Section 5503(a)(3). Further, the record fails to support a conclusion that [the a]ppellant's comment risked an immediate breech [*sic*] of the public peace. **See** [**Commonwealth v.**] **Hock**, 728 A.2d [943,] 946-47 [(Pa. 1999)]. On review of the record, the evidence is insufficient to support a conviction of disorderly conduct under Section 5503(a)(3) ….

**Kelly**, 758 A.2d at 1288. **See also Commonwealth v. McCoy**, 69 A.3d 658,

666 (Pa. 2013) (concluding that shouting "fuck the police" during a funeral

procession for a sheriff's deputy was not obscene language under Section

5503(a)(3), as there was no evidence that the language was intended to

appeal to anyone's prurient interest, nor did it describe, in a patently offensive

way, sexual conduct).

More recently, in **Pennix**, a case that is closely analogous to the present

matter, the appellant was detained at the metal detector while attempting to

gain entry into a family court building and became argumentative with the

sheriff's deputies. **Pennix**, 176 A.3d at 341. Pennix was heard screaming,

"Fuck you I ain't got time for this," "Fuck you police[,]" and "I don't got time

for you fucking police." *Id.* at 341-42. We ultimately found insufficient evidence to uphold the appellant's disorderly conduct conviction under Section 5503(a)(3) where her words "were angry words … having nothing to do with sex." *Id.* at 346 (quoting *Kelly*, 758 A.2d at 1288).

Here, Appellant admits that her words "may have been disrespectful, insulting, and offensive[,]" but insists that, like the words spoken by the appellant in *Pennix*, her words "had nothing to do with sex[] and did not risk an immediate breach of the peace." Appellant's Brief at 11. Appellant seeks a reversal of her conviction on this basis. *Id.*

In its Rule 1925(a) opinion, the trial court concedes that the evidence is insufficient to support Appellant's conviction under Section 5503(a)(3) and that her judgment of sentence should therefore be vacated. *See* TCO at 2-3 (citing *Miller*, *supra*; *Pennix*, *supra*; *McCoy*, *supra*; *Kelly*, *supra*). The trial court explained: "There is no doubt that the language used by [Appellant] during her contact with the deputy sheriff and security officer at the Brombinski building on August 12, 2021[,] was disrespectful, insulting[,] and offensive. However, it had nothing to do with sex and was not obscene." *Id.* at 3 (unnecessary capitalization omitted). Additionally, the Commonwealth submitted a letter in lieu of an appellee's brief, indicating that it is in agreement with Appellant and the trial court that the evidence is insufficient to support Appellant's conviction.

After careful consideration, we agree that the language used by Appellant did not constitute "obscene language" as defined under Section

- 5 -

5503(a)(3), and, therefore, Appellant's conviction must be set aside. Accordingly, we reverse Appellant's conviction for disorderly conduct and vacate her judgment of sentence.

Finally, we note that Appellant's remaining issue relates to her citation for disorderly conduct under 18 Pa.C.S. § 5503(a)(2), for making "unreasonable noise." Appellant, however, was never convicted of this crime.[1] Therefore, we lack jurisdiction to review this claim. *See Orfield v. Weindel*, 52 A.3d 275, 277 (Pa. Super. 2012) (citation omitted) ("Our Courts cannot decide moot or abstract questions….").

Conviction reversed. Judgment of sentence vacated. Jurisdiction relinquished.

Judge McLaughlin joins this memorandum.

President Judge Emeritus Stevens files a concurring memorandum in which President Judge Emeritus Bender and Judge McLaughlin join.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/11/2023

---

[1] Based on our review of the record, it appears that the trial court never entered a disposition on this charge.