J-S02032-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                              :            PENNSYLVANIA
                                                :
                v.                              :
                                                :
                                                :
JENNA ELIZABETH SNEERINGER,     :
                                                  :
               Appellant               :            No. 1344 MDA 2019

Appeal from the Order Entered August 13, 2019
in the Court of Common Pleas of York County
Criminal Division at No(s): CP-67-CR-0005275-2015

BEFORE: BENDER, P.J.E., KING, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.:       **FILED: MARCH 2, 2020**

Jenna Elizabeth Sneeringer ("Sneeringer") appeals from the Order finding her in contempt of court (the "Contempt Order"), and remanding her to jail until she pays $800 of the court costs previously imposed. We vacate the Contempt Order and remand for further proceedings.

On September 6, 2017, Sneeringer pled guilty to driving under the influence of a controlled substance.[1] On October 24, 2016, the trial court sentenced Sneeringer to six months of intermediate punishment, plus a $1,000 fine and court costs. Relevant to this appeal, on April 3, 2017, the York County Probation Department filed a Petition for Intermediate Punishment Violation. On April 25, 2019, the trial court found Sneeringer in violation of her probation, sentenced her to six months' probation, and

_____

[1] 75 Pa.C.S.A. § 3802(d)(2).

ordered her to pay $800 within 48 hours of her release from the York County Prison ("YCP").

On May 7, 2019, the trial court issued a Rule to Show Cause why Sneeringer should not be held in contempt, based upon her failure to pay $800 within 48 hours of her release from the YCP. Trial Court Order, 5/7/19, at 1. The Rule was returnable on May 29, 2019. On May 9, 2019, Hollianne C. Snyder, Esquire ("Attorney Snyder"), of the public defender's office, entered her appearance on Sneeringer's behalf. On May 29, 2019, when Sneeringer failed to appear for the hearing, the trial court issued a bench warrant for her arrest.

On August 13, 2019, Sneeringer appeared before the trial court, without representation, for a contempt hearing on her failure to tender the $800 payment. N.T., 8/13/19, at 1. Sneeringer explained to the trial court that she had received an eviction notice and "didn't know what to do." *Id.* at 2. The following discussion then transpired:

THE COURT: Do you have the $800 now?

[Sneeringer]: On the 23rd.

THE COURT: When you get it and pay it, we'll release you. [Sneeringer] is remanded until she pays the $800 she promised to pay the last time.

[Sneeringer]: Can I ask you a question?

THE COURT: I'm not changing my mind.

- 2 -

***Id.*** On August 13, 2019, the trial court entered the Contempt Order remanding Sneeringer to the YCP "until she pays $800." Trial Court Order, 8/13/19, at 1. The trial court imposed no time limit on Sneeringer's period of incarceration.

On August 14, 2019, Brian McNeil, Esquire, of the public defender's office, entered his appearance on behalf of Sneeringer. On that same date, Sneeringer filed a Notice of Appeal, an Emergency Motion for a stay pending appeal, and an Application to proceed *in forma pauperis*. On August 15, 2019, the trial court directed Sneeringer to file a Pa.R.A.P. 1925(b) concise statement of matters complained of on appeal. Less than an hour later, the trial court entered an Order vacating its August 13, 2019, Order, and directing that Sneeringer be released from the YCP. On September 5, 2019, Sneeringer filed a Pa.R.A.P. 1925(b) Concise Statement of matters complained of on appeal.

Sneeringer presents the following claims for our review:

[A.] Does Pa.R.A.P. 1701 require quashing this appeal where consideration of the [C]ontempt [O]rder was neither sought nor expressly granted, and is the case moot under ***Commonwealth v. Mauk***[, 185 A.3d 406 (Pa. Super. 2019),] and ***Orfield v. Weindel***[, 52 A.3d 275 (Pa. Super. 2012)]?

[B.] In this civil contempt proceeding for failure to pay costs and fines, did the trial court violate [] Sneeringer's right to counsel[,] as set forth in this Court's rulings in ***Commonwealth v. Diaz***[, 191 A.3d 850 (Pa. Super. 2018),] and [] ***Mauk***[,] by proceeding with no counsel present and without a waiver of counsel?

[C.] Did the trial court, by holding Sneeringer in contempt without inquiring into the current state of her finances[,] or making the

- 3 -

necessary findings regarding the reasons for her failure to pay, violate Pennsylvania law as well as [Sneeringer's] due process rights?

[D.] Should the purge component of the contempt judgment be vacated where it lacked any evidentiary foundation and did not give Sneeringer a present opportunity to purge the contempt?

Brief for Appellant at 4 (issues renumbered).

We review civil contempt orders for an abuse of discretion. *Orfield*, 52 A.3d at 278. "The court abuses its discretion if it misapplies the law or exercises its discretion in a manner lacking reason." *Childress v. Bogosian*, 12 A.3d 448, 465 (Pa. Super. 2011).

Sneeringer first claims that Pennsylvania Rule of Appellate Procedure 1701 does not require this Court to quash the instant appeal. *Id.* at 30. Sneeringer asserts that the trial court did not expressly grant reconsideration of its Order, and the matter is not moot. *Id.* We agree.

Rule 1701 provides that, "[e]xcept as otherwise prescribed by these rules, after an appeal is taken or review of a quasijudicial order is sought, the trial court or other government unit may no longer proceed further in the matter." Pa.R.A.P. 1701(a). Although a trial court may modify or rescind any order within 30 days after its entry, it may only do so "**if no appeal from such order has been taken or allowed**." 42 Pa.C.S.A. § 5505 (emphasis added).

Our review of the record discloses that the trial court entered its Contempt Order on August 13, 2019. Sneeringer filed a Notice of Appeal of

the Contempt Order on August 14, 2019, thereby divesting the trial court of jurisdiction to modify or rescind its Contempt Order. Consequently, Pa.R.A.P. 1701 does not preclude our exercise of jurisdiction over Sneeringer's appeal.

In her second claim, Sneeringer argues that the trial court improperly proceeded with her contempt hearing, despite her lack of representation and without securing her waiver of counsel. Brief for Appellant at 17. Sneeringer argues that, where incarceration is a possibility, the trial court must afford the defendant a "timely" opportunity to consult with counsel, before appearing before the court. *Id.* at 18. According to Sneeringer, the trial court never mentioned counsel on the record, and no appropriate waiver of counsel, pursuant to Pa.R.Crim.P. 121, took place. Brief for Appellant at 18.

"[A]n indigent defendant faced with incarceration at a contempt proceeding is entitled to counsel." *Diaz*, 191 A.3d at 862.

> [U]pon the trial court's determination at the civil contempt hearing that there is a likelihood of imprisonment for contempt and that the defendant is indigent, the court must appoint counsel and permit counsel to confer with and advocate on behalf of the defendant at a subsequent hearing. An indigent defendant has the option of knowingly, intelligently, and voluntarily waiving that right to appointed counsel. *See generally* Pa.R.Crim.P. 121 (identifying information a court should elicit from the defendant to ensure a proper waiver of the right to counsel).

*Id.* at 862-63.

Here, our review discloses that on May 9, 2019, Attorney Snyder had entered her appearance on behalf of Sneeringer. Notwithstanding, at the contempt hearing, the trial court failed to inquire whether Sneeringer had

- 5 -

representation, or whether a waiver-of-counsel colloquy was necessary.[2] Because Sneeringer was entitled to representation at the contempt hearing,[3] we vacate the Contempt Order, and remand for a new hearing, at which Sneeringer shall be afforded the right to counsel. ***See id.*** at 862.

In her third claim, Sneeringer argues that the trial court improperly found her in contempt, without first inquiring into the current state of her finances, and without making the required findings regarding her ability to pay. Brief for Appellant at 20. Sneeringer asserts that only a "willful" failure to pay can give rise to a contempt finding. ***Id.*** at 21. Sneeringer argues that a trial court is required to examine the defendant's ability to pay "every time someone appears or reappears for a costs-and-fines proceeding, because the person's financial situation[] may have changed since the last time he or she was before the court." ***Id.*** at 22 (quoting ***Mauk***, 185 A.3d at 411). Sneeringer contends that, "[b]y failing to conduct such an inquiry and make findings regarding [her] reasons for nonpayment, the trial court unlawfully held her in contempt." ***Id.*** at 24. We agree.

_____

[2] It is apparent that incarceration was a likely result from the contempt hearing. In fact, the trial court remanded Snyder to the YCP following the hearing.

[3] Should Sneeringer wish to proceed *pro se*, the trial court is directed to conduct an appropriate waiver-of-counsel colloquy on the record. ***See*** Pa.R.Crim.P. 121 (setting forth the information to be elicited by the trial court in order to ensure that the waiver of the right to counsel is voluntary, knowing and intelligent).

The United States Supreme Court has made it clear that, "if the State determines a fine or restitution to be the appropriate and adequate penalty for the crime, it may not thereafter imprison a person solely because [s]he lacked the resources to pay it." **Bearden v. Georgia**, 461 U.S. 660, 667-68 (1983). "Process is due in all costs-and-fines proceedings." **Mauk**, 185 A.3d at 411. "[A] court may not constitutionally imprison someone for nonpayment of court costs and fines alone. Instead, it must be proved that the person has willfully refused to pay the fine or restitution when he has the means to pay ...." **Id.** (citation and internal quotation marks omitted).

The Judicial Code sets forth specific procedures for when a defendant defaults in payment of a fine, court costs, or restitution:

**(b) Procedures regarding default**.—

(1) If a defendant defaults in the payment of a fine, court costs or restitution after imposition of sentence, the issuing authority or a senior judge or senior magisterial district judge appointed by the president judge for the purposes of this section may conduct a hearing to determine whether the defendant is financially able to pay.

(2) If the issuing authority, senior judge or senior magisterial district judge determines that the defendant is financially able to pay the fine or costs, the issuing authority, senior judge or senior magisterial district judge may turn the delinquent account over to a private collection agency or impose imprisonment for nonpayment, as provided by law.

(3) If the issuing authority, senior judge or senior magisterial district judge determines that the defendant is without the financial means to pay the fine or costs immediately or in a single remittance, the issuing authority, senior judge or senior magisterial district judge may provide for payment in installments. In determining the appropriate installments,

the issuing authority, senior judge or senior magisterial district judge shall consider the defendant's financial resources, the defendant's ability to make restitution and reparations and the nature of the burden the payment will impose on the defendant. If the defendant is in default of a payment or advises the issuing authority, senior judge or senior magisterial district judge that default is imminent, the issuing authority, senior judge or senior magisterial district judge may schedule a rehearing on the payment schedule. At the rehearing the defendant has the burden of proving changes of financial condition such that the defendant is without the means to meet the payment schedule. The issuing authority, senior judge or senior magisterial district judge may extend or accelerate the schedule, leave it unaltered or sentence the defendant to a period of community service as the issuing authority, senior judge or senior magisterial district judge finds to be just and practicable under the circumstances.

42 Pa.C.S.A. § 9730(b).

Here, the trial court failed to follow the procedures outlined above. The trial court made no inquiry regarding the reasons for Sneeringer's default, or Sneeringer's ability to make payment, prior to sending her to the YCP. For this reason, also, we vacate the Contempt Order and remand for further proceedings in accordance with 42 Pa.C.S.A. § 9730(b), **Bearden** and **Mauk**.

Finally, Sneeringer claims that the purge component of the Contempt Order should be vacated where it lacked any evidentiary foundation and failed to afford her a present opportunity to purge the contempt. Brief for Appellant at 27. Sneeringer argues that the purge condition set by the trial court, a payment of $800, was entered without any evidentiary support indicating that Sneeringer could afford this payment. **Id.**

"The law in this Commonwealth is … that the trial court must set the conditions for a purge in such a way as the contemnor has the present ability to comply with the order." **Hyle v. Hyle**, 868 A.2d 601, 605 (Pa. Super. 2005). **See, e.g., Barrett v. Barrett**, 368 A.2d 616, 622 (Pa. 1977) (reversing a contempt order where the alleged contemnor had no present ability to pay the purge amount set by the court); **Muraco v. Pitulski**, 368 A.2d 624, 626 (Pa. 1977) (reversing a contempt order where there was no evidence that the alleged contemnor had the present ability to pay the purge amount on the day of the contempt hearing); **see, contra, Sinaiko v. Sinaiko**, 664 A.2d 1005, 1008-10 (Pa. Super. 1995) (where the husband had the present ability to pay, determining that the trial court did not abuse its discretion when finding the husband in contempt, and immediately remanding him to the Bucks County Prison, with a purge condition requiring the payment of $39,936.00).

Our review of the record discloses no evidence regarding Sneeringer's present ability to pay the purge condition set by the trial court. We therefore vacate the trial court's Contempt Order on this basis as well, and remand for a hearing that includes an inquiry as to Sneeringer's ability to meet the purge condition set by the trial court.

Contempt Order vacated. Case remanded for further proceedings consistent with this Memorandum. Superior Court jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 03/02/2020