**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| ANTHONY REDD | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| MORGAN SPAULDING | : | |
| | : | |
| Appellant | : | |
| | : | No. 57 WDA 2022 |

Appeal from the Order Entered December 30, 2021
In the Court of Common Pleas of Washington County Civil Division at
No(s):  2021-7247

BEFORE:  BENDER, P.J.E., DUBOW, J., and KING, J.

MEMORANDUM BY BENDER, P.J.E.:                    **OCTOBER 26, 2022**

Morgan Spaulding ("Appellant") appeals from the amended final order for protection from intimidation ("PFI") entered against her in the Court of Common Pleas of Washington County on December 30, 2021, pursuant to the Protection of Victims of Sexual Violence or Intimidation Act, 42 Pa.C.S. §§ 62A01-62A20 ("the Act").   We affirm.

We glean the following relevant facts and procedural history from the record.  On November 8, 2021, Anthony Redd ("Father") filed a petition for a PFI order on behalf of his minor daughter, C.R. (born in November of 2004) ("the victim"), against Appellant, in accordance with Section 62A05 of the Act.[1]  At the time, the victim was 17 years old and was attending 11th grade

---

[1] **See** 42 Pa.C.S. § 62A05 ("An adult … household member … may seek relief under this chapter on behalf of a minor child … by filing a petition with the court alleging the need for protection from the defendant with respect to sexual violence or intimidation.").

at McGuffey High School in Claysville, Pennsylvania. The victim was a member of the girls' high school basketball team, and Appellant was the team's head coach.[2] The PFI petition alleged that Appellant, over a period of a year and a half, engaged in inappropriate communications with the victim, that Appellant sought the victim out on a daily basis, that Appellant aggressively shoved the victim on multiple occasions, and that Appellant is the subject of an ongoing criminal investigation.

Upon receipt of the petition, the trial court held an *ex parte* hearing and granted a temporary PFI order. The temporary PFI order was continued on November 17, 2021, pending a final PFI hearing, which was scheduled for November 24, 2021. After hearing extensive testimony from the parties, the trial court issued a final PFI order on December 10, 2021. On December 21, 2021, Appellant filed a motion for reconsideration, seeking modification and/or clarification from the court regarding language in the PFI order prohibiting Appellant from McGuffey High School.[3] The trial court clarified its instructions

---

[2] Appellant is currently employed as the assistant principal of McGuffey Middle School, which is located on the same property as McGuffey High School. The two school buildings are connected and share some classroom space. Appellant previously taught health and physical education at McGuffey Middle School for eight years, and coached girls' basketball at the high school level for six years and at the middle school level for four years.

[3] **See** Final PFI Order, 12/10/21, at 2 ¶ 3 ("Defendant is not permitted in McGuffey High School.").

regarding the "no contact" order in place and issued an amended, final PFI order on December 29, 2021.[4]

On January 5, 2022, Appellant filed a timely notice of appeal, followed by a timely, court-ordered Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. The trial court filed its Rule 1925(a) opinion on March 4, 2022. Appellant now presents the following issues for our review:

> I. Whether the trial court committed an error of law and abuse of discretion by granting the [PFI order] because the victim failed to present evidence of intimidation as defined by 42 Pa.C.S. § 62A03.
>
> II. Whether the trial court committed an error of law and abuse of discretion by including language in the [PFI] which ordered Appellant not be allowed on the school property where the victim may be, which interferes with Appellant's employment at a public school.
>
> III. Whether the trial court committed an error of law and an abuse of discretion by including language in the final [PFI] order indicating that "should this PFI order exceed the minor child's 18th birthday, at that time, the child shall become the plaintiff in this matter" when the trial court has no such statutory authority.

Appellant's Brief at 5 (unnecessary capitalization and brackets in original omitted).

We begin by addressing Appellant's first claim, in which she asserts that the trial court erred by entering the PFI order, because the victim failed to

---

[4] *See* Amended Final PFI Order, 12/29/21, at 2 ¶ 3 ("Defendant is not permitted in McGuffey High School or any location on school property where the protected party may be. This does not outright preclude Defendant's presence at McGuffey Junior High School provided Defendant remain[s] solely in locations where Defendant would have no contact with the protected party.").

establish "intimidation" as defined by Section 62A03. This issue requires us to interpret the Act. When interpreting a statute, this Court is guided by the Statutory Construction Act of 1972, 1 Pa.C.S. §§ 1501-1991. The goal in interpreting any statute is to ascertain and effectuate the intention of the General Assembly while construing the statute in a manner that gives effect to all its provisions. **Commonwealth v. J.C.**, 199 A.3d 394, 398 (Pa. Super. 2018), *appeal denied*, 210 A.3d 268 (Pa. 2019) (citing 1 Pa.C.S. § 1921(a)). The Statutory Construction Act provides: "When the words of a statute are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit." 1 Pa.C.S. § 1921(b). **See Brown v. Levy**, 73 A.3d 514, 517 (Pa. 2013) ("When interpreting an unambiguous statute, … the plain meaning of the statute must control."). It is well-settled that "the best indication of the General Assembly's intent may be found in a statute's plain language." **Cagey v. Commonwealth**, 179 A.3d 458, 462 (Pa. 2018).

Here, the trial court entered the PFI order to protect the victim from Appellant's intimidation. Our General Assembly set forth its findings and the purpose of the Act, in relevant part, as follows:

> (2) [I]ntimidation can inflict humiliation, degradation and terror on the victim.
>
> …
>
> (5) Victims of … intimidation desire safety and protection from future interactions with their offender, regardless of whether they seek criminal prosecution.

(6) This chapter provides the victim with a civil remedy requiring the offender to stay away from the victim, as well as other appropriate relief.

42 Pa.C.S. § 62A02(2), (5), and (6). The Act separately defines "intimidation" as:

Conduct constituting a crime under either of the following provisions between persons who are not family or household members:

18 Pa.C.S. § 2709(a)(4), (5), (6) or (7) (relating to harassment) where the conduct is committed by a person 18 years of age or older against a person under 18 years of age.

18 Pa.C.S. § 2709.1 (relating to stalking) where the conduct is committed by a person 18 years of age or older against a person under 18 years of age.

42 Pa.C.S. § 62A03. Under the Crimes Code,

a person commits the crime of harassment when, with intent to harass, annoy or alarm another, the person:

…

(4) communicates to or about such other person any lewd, lascivious, threatening or obscene words, language, drawings or caricatures;

(5) communicates repeatedly in an anonymous manner;

(6) communicates repeatedly at extremely inconvenient hours; or

(7) communicates repeatedly in a manner other than specified in paragraphs (4), (5) and (6).

18 Pa.C.S. § 2709(a)(4)-(7). Additionally,

a person commits the crime of stalking when the person either:

(1) engages in a course of conduct or repeatedly commits acts toward another person, including following the person without proper authority, under circumstances which demonstrate either an intent to place such other person in reasonable fear

of bodily injury or to cause substantial emotional distress to such other person; or

(2) engages in a course of conduct or repeatedly communicates to another person under circumstances which demonstrate or communicate either an intent to place such other person in reasonable fear of bodily injury or to cause substantial emotional distress to such other person.

18 Pa.C.S. § 2709.1(a)(1), (2).

Within ten days of the filing of a petition for a PFI order, a hearing shall be conducted at which the plaintiff must:

(1) assert that the plaintiff or another individual, as appropriate, is a victim of … intimidation committed by the defendant; and

(2) prove by [a] preponderance of the evidence that the plaintiff or another individual, as appropriate, is at a continued risk of harm from the defendant.

42 Pa.C.S. § 62A06(a)(1), (2).  We note that the statutory language does not require the plaintiff to prove any element of criminal harassment or criminal stalking.  Rather, the Act requires only that the plaintiff assert or allege that the victim is a victim of the appellant's intimidation.  ***See A.M.D. on Behalf of A.D. v. T.A.B.***, 178 A.3d 889, 894 (Pa.  Super. 2018) (interpreting 42 Pa.C.S. § 62A06(a)(1)).

In the case *sub judice*, the trial court explained its finding of intimidation and granting of the PFI order, as follows:

[I]t is undisputed that the victim was under 18 years of age and [Appellant] was older than 18 years of age and that they were not family or household members.  Therefore, the issue lies as to whether there was evidence presented that conduct constituting a crime under 18 Pa.C.S. § 2709(a)(4), (5), (6), or (7)[,] or 18 Pa.C.S. § 2709.1[,] occurred.

***

> The [victim] provided credible testimony during the PFI hearing that [Appellant] contacted her on multiple occasions by phone after 8:00 p.m.[,] and by text as late as 11:00 p.m.[,] even on school nights as well as during the school day when the [victim] was in class. Additionally, the [victim] credibly testified that [Appellant] would call her out of class and into [Appellant's] office if there had been an argument the night before. Further testimony from the [victim] shows that she had alerted [Appellant] that these messages made her uncomfortable and yet [Appellant] continued the same behaviors. [Appellant] was also the [victim's] basketball coach and would treat the [victim] differently than the other players. [Appellant] would be harsher on the [victim] at practice and would pay more attention to [her] than the other players. The [victim] also credibly testified that on the occasions she did not alert [Appellant] that she was uncomfortable or wished for [Appellant] to stop, it was due to her fear as to how [Appellant] would react. In addition, [Appellant's] testimony as it related to the level of contact, manner of contact, and reason for contact was not credible.

> This [c]ourt found the credible testimony of the [victim] and her parents, taken in whole along with the extensive exhibits provided by the [p]arties, asserted the minor child was a victim of [Appellant's] intimidation.

Trial Court Opinion ("TCO"), 3/4/22, at 3-5 (citations to record omitted).

Appellant claims that the evidence was insufficient to support the trial court's finding of intimidation as defined by Section 62A03 of the Act and, thus, it was inadequate to sustain its issuance of the PFI order entered against her. Appellant's Brief at 11-12. In support of her argument, Appellant states that her conduct, "in no way, shape, or form constituted conduct that meets the definition of stalking or harassment." *Id.* at 17. She fails, however, to provide any legal analysis whatsoever of her claim. Rather, Appellant merely disputes the trial court's findings by pointing to contradictory and self-serving

testimony. *See id.* at 17-18. Appellant is essentially asking this Court to re-weigh the evidence and substitute our judgment for that of the fact-finder, which we cannot and will not do. *See Commonwealth v. Rodriquez*, 141 A.3d 523, 525 (Pa. Super. 2016) (citation omitted). Accordingly, we deem this issue to be waived. *See also Estate of Haiko v. McGinly*, 799 A.2d 155, 161 (Pa. Super. 2002) ("The Rules of Appellate Procedure state unequivocally that each question an appellant raises is to be supported by discussion and analysis of pertinent authority.") (citing, *inter alia*, Pa.R.A.P. 2119).

Nevertheless, even if not waived, we would conclude that this claim lacks merit. The trial court found "the credible testimony of the [victim] and her parents, taken in whole along with the extensive exhibits provided by the [p]arties, **asserted the minor child was a victim of [Appellant's] intimidation**[,]" TCO at 5 (emphasis added), in accordance with Section 62A06(a)(1) of the Act. As the trial court opined:

> In **A.M.D.**, the … Court interpreted that "nothing in the statutory language required the filing party to prove any element of criminal harassment [or criminal stalking]." **A.M.D.**[, 178 A.3d] at 894. Therefore, Appellant's argument that the victim failed to present evidence of intimidation as defined by 42 Pa.C.S. § 62A03 is meritless[,] as this [c]ourt found that [Father,] on behalf of the [victim,] had asserted or alleged that the minor child was a victim of [Appellant's] intimidation as required by statute.

TCO at 5 (brackets in original omitted).

We emphasize that Father was **not** required to demonstrate that Appellant committed criminal harassment or criminal stalking in order to

obtain a PFI order to protect the victim from further intimidation by Appellant. By its plain language, the Act merely required Father "to **assert**" that his daughter "is a victim of … intimidation" committed by Appellant and "to prove by [a] preponderance of the evidence" that the victim is "at a continued risk of harm" from Appellant. **See** 42 Pa.C.S. § 62A06(a) (emphasis added). As we explained in **A.M.D.**:

> With respect to findings of intimidation under the Act, the Pennsylvania Rules of Civil Procedure provide, in relevant part, that "[t]he decision of the court may consist of only general findings of … intimidation, but shall dispose of all claims for relief." Pa.R.Civ.P. 1957. A "general finding" is an "undifferentiated finding in favor of one party." Black's Law Dictionary 664 (8th ed. 2004). "Undifferentiated" means "not divided or able to be divided into different elements, types, etc." M[e]rriam-Webster.com. Merriam-Webster, n.d. Web. 13 Oct. 2017. Therefore, contrary to [the] appellant's claim, and notwithstanding the fact that nothing in the Act required [the plaintiff] to prove criminal harassment [or criminal stalking], nothing in the Act required the trial court to make a special finding[1] as to the elements of criminal harassment [or criminal stalking] in order to support its finding of intimidation.
>
> [1] A "special finding" is "[a] finding of the necessary and ultimate facts to support a judgment in favor of one party." Black's Law Dictionary 664 (8th ed. 2004).

**A.M.D.**, 178 A.3d at 894. Thus, to the extent that Appellant argues there was insufficient evidence to establish criminal harassment and/or criminal stalking, we would conclude this claim lacks merit.

Alternatively, Appellant argues that Father failed to prove by a preponderance of the evidence that the victim was at a continued risk of harm. Appellant's Brief at 14-15 (citing 42 Pa.C.S. § 62A06(a)(2)). Appellant failed, however, to include this claim in her Rule 1925(b) statement, nor did she state

the issue in her Statement of Questions Involved. Thus, we deem this claim waived. *See* Pa.R.A.P. 1925(b)(4)(vii); Pa.R.A.P. 2116(a); ***Wirth v. Commonwealth***, 95 A.3d 822, 858 (Pa. 2014) ("[Rule 2116(a)] is to be considered in the highest degree mandatory, admitting of no exception; ordinarily no point will be considered which is not set forth in the statement of questions involved or suggested thereby."); ***Greater Erie Indus. Development Corp. v. Presque Isle Downs, Inc.***, 88 A.3d 222, 225 (Pa. Super. 2014) ("[I]n determining whether an appellant has waived his issues on appeal based on non-compliance with Pa.R.A.P. 1925, it is the trial court's order that triggers an appellant's obligation … therefore, we look first to the language of that order.") (internal quotation marks and citations omitted); Trial Court Order, 1/11/22, at 1 (single page) (warning Appellant that "[a]ny issue not properly included in the [Rule 1925(b)] statement timely filed and served on the [court] shall be deemed waived"); ***see also Krebs v. United Refining Co. of Pa.***, 893 A.2d 776, 797 (Pa. Super. 2006) ("We will not ordinarily consider any issue if it has not been set forth in or suggested by an appellate brief's statement of questions involved, and any issue not raised in a statement of matters complained of on appeal is deemed waived.").

Next, Appellant indicates that she waives her second claim regarding whether the trial court erred in ordering that Appellant is not permitted on the school property—her place of employment—as the trial court amended the PFI order to allow Appellant to maintain employment. Appellant's Brief at 19. Nevertheless, even if Appellant had not voluntarily waived this claim, we would

deem this issue to be moot and, therefore, we would not address its merits. ***See Orfield v. Weindel***, 52 A.3d 275, 277 (Pa. Super. 2012) ("Our Courts cannot decide moot or abstract questions….") (citation omitted).

Finally, Appellant claims that the trial court had no statutory authority to order that, should the effective term of the PFI order exceed the victim's 18th birthday, the victim, at that time, "shall become the plaintiff in this matter." Appellant's Brief at 19; ***see also*** Amended PFI Order at 2 ¶ 5 (indicating the order expires on November 24, 2024). Puzzlingly, Appellant acknowledges that "the **only** statutory restraint placed on the trial court with respect to entry of [the PFI] order concerns its duration." ***Id.*** at 20 (citing 42 Pa.C.S. § 62A07(c) (stating that an order under the Act "shall be for a fixed period of time not to exceed 36 months") (emphasis added)). Yet, she proceeds to argue that, based on a plain reading of the statute, the effective term of the PFI would "automatically expire" upon the victim's 18th birthday and, therefore, the victim could not become the plaintiff in this matter. ***Id.*** We deem Appellant's argument to be based on unsound logic, and we remain unconvinced that Appellant is due any relief.

"Intimidation" is defined by the Act as "[c]onduct constituting a [qualifying] crime … between persons who are not family or household members … where the conduct is committed by a person 18 years of age or older **against a person under 18 years of age**." 42 Pa.C.S. § 62A03 (emphasis added). Moreover, the Act provides that "any parent, adult household member or guardian ad litem may seek relief under this chapter on

behalf of a minor child…." 42 Pa.C.S. § 62A05(a).[5]  We observe that the victim was a minor at the time of Appellant's alleged intimidation against her, as well as at the time the PFI order was entered.  As the trial court so aptly opined:

> There is no statutory indication that a [f]inal PFI [o]rder cannot last beyond a minor child's … 18th[] birthday.  The statute specifically allows for a PFI to be granted for up to three (3) years.  [**See** 42 Pa.C.S. § 62A07(c)).]  There is no mention in the statute that requires the PFI to only extend to the [p]laintiff's 18th birthday.  This [c]ourt was well within its discretion to grant a three[-]year PFI [order] as the statute allows.

TCO at 6-7.  We agree.  We discern no error of law or abuse of discretion by the trial court.

Accordingly, we affirm the December 30, 2021 final PFI order entered against Appellant.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date:  10/26/2022

---

[5] An "adult" is defined as "an individual who is 18 years of age or older[,]" and a "minor" is defined as "an individual who is not an adult."  42 Pa.C.S. § 62A03.