IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Calpine Corporation,                         :
Tenaska Westmoreland                         :
Management, LLC and                          :
Fairless Energy, L.L.C.,                     :
                                             :
                          Petitioners        :
                                             :
          v.                                 :  No. 357 M.D. 2022
                                             :  Argued: February 8, 2023
Pennsylvania Department of                   :
Environmental Protection                     :
and Pennsylvania                             :
Environmental Quality Board,                 :
                                             :
                          Respondents        :


BEFORE:   HONORABLE RENÉE COHN JUBELIRER, President Judge
          HONORABLE PATRICIA A. McCULLOUGH, Judge
          HONORABLE ANNE E. COVEY, Judge
          HONORABLE MICHAEL H. WOJCIK, Judge
          HONORABLE ELLEN CEISLER, Judge
          HONORABLE LORI A. DUMAS, Judge
          HONORABLE STACY WALLACE, Judge


OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WOJCIK                              FILED: November 7, 2023


          Before the Court are the preliminary objections in the nature of a

demurrer (POs) of the Pennsylvania Department of Environmental Protection (DEP)

and the Pennsylvania Environmental Quality Board (EQB) (collectively,

Respondents) to the petition for review (PFR) filed by Calpine Corporation

(Calpine), Tenaska Westmoreland Management, LLC (Tenaska), and Fairless

Energy, L.L.C. (Fairless) (collectively, Petitioners),[1] relating to Pennsylvania's participation in the Regional Greenhouse Gas Initiative (RGGI) based on regulations promulgated by DEP, on behalf of EQB, referred to as the "Trading Program Regulation" (Rulemaking).[2]  We dismiss the PFR as moot.

On July 12, 2022, Petitioners filed the instant seven-count PFR alleging, *inter alia*, that the Rulemaking is an unconstitutional tax and fee.  *See* PFR, Count V.  Accordingly, Petitioners asked this Court to "enter judgment in their favor and against [Respondents]:  (1) declaring that the [Rulemaking is] invalid, null, and void; (2) permanently enjoining Respondents from implementing, administering, or enforcing the [Rulemaking]; and (3) granting such further relief as this Court deems just and appropriate." *Id.* at 50.  In response, on August 11, 2022, Respondents filed the POs asserting, *inter alia*, that Petitioners' claim that the Rulemaking constitutes an unlawful tax fails to adequately state a claim for relief.  *See* PO No. 4 - Demurrer.  Argument was conducted before an *en banc* panel of this Court, and the matter is

---

[1] Petitioners are out-of-state corporations with principal places of business in Texas, Nebraska, and Connecticut, that operate combined-cycle natural gas-fired power plants in Pennsylvania.  PFR, ¶¶5-7, 13-17.

[2] The relevant history regarding the Rulemaking, and RGGI in general, is outlined in our prior opinions granting preliminary injunctive relief in *Ziadeh v. Pennsylvania Legislative Reference Bureau* (Pa. Cmwlth., No. 41 M.D. 2022, filed July 8, 2022), and *Bowfin KeyCon Holdings, LLC v. Pennsylvania Department of Environmental Protection* (Pa. Cmwlth., No. 247 M.D. 2022, filed July 8, 2022); in our prior opinion sustaining the POs of the Pennsylvania Legislative Reference Bureau, its Director, and the Director of the Pennsylvania Code and Bulletin, and dismissing the petition for review filed by DEP's Acting Secretary and EQB's Acting Director in *Ziadeh v. Pennsylvania Legislative Reference Bureau* (Pa. Cmwlth., No. 41 M.D. 2022, filed January 19, 2023); and in our prior opinions granting declaratory relief and enjoining Respondents from enforcing the Rulemaking in *Ziadeh v. Pennsylvania Legislative Reference Bureau* (Pa. Cmwlth., No. 41 M.D. 2022, filed November 1, 2023), and *Bowfin KeyCon Holdings, LLC v. Pennsylvania Department of Environmental Protection* (Pa. Cmwlth., No. 247 M.D. 2022, filed November 1, 2023).

ready for disposition. However, upon review, we conclude that the PFR must be dismissed as moot.[3]

As this Court has previously explained:

> Petitions for declaratory judgments are governed by the provisions of the [Declaratory Judgments Act (DJA)], 42 Pa. C.S. §§7531-7541. Although the [DJA] is to be liberally construed, one limitation on a court's ability to issue a declaratory judgment is that the issues involved must be ripe for judicial determination, meaning that there must be the presence of an actual case or controversy. Thus, the [DJA] requires a petition praying for declaratory relief to state an actual controversy between the petitioner and the named respondent.
>
> Declaratory judgments are not obtainable as a matter of right. Rather, whether a court should exercise jurisdiction over a declaratory judgment proceeding is a matter of sound judicial discretion. Thus, the granting of a petition for a declaratory judgment is a matter lying within the sound discretion of a court of original jurisdiction. As the Pennsylvania Supreme Court has stated:
>
> > The presence of antagonistic claims indicating imminent and inevitable litigation coupled with a clear manifestation that the declaration sought will be of practical help in ending the controversy are essential to the granting of relief by way of declaratory judgment. . . .
> >
> > Only where there is a real controversy may a party obtain a declaratory judgment.

---

[3] *See, e.g.*, *Department of Public Welfare v. Kallinger*, 615 A.2d 730 (Pa. 1990) ("AND NOW, . . . the Court, *sua sponte*, dismisses this appeal as moot."); *Battiste v. Borough of East McKeesport*, 94 A.3d 418, 424 (Pa. Cmwlth. 2014) ("[W]e may *sua sponte* raise the issue of mootness as 'courts cannot "decide moot or abstract questions, nor can we enter a judgment or decree to which effect cannot be given."' *Orfield v. Weindel*, 52 A.3d 275, 277 (Pa. Super. 2012) (citation omitted)[.]").

3

> A declaratory judgment must not be employed to determine rights in anticipation of events which may never occur or for consideration of moot cases or as a medium for the rendition of an advisory opinion which may prove to be purely academic.

*Brouillette v. Wolf*, 213 A.3d 341, 357-58 (Pa. Cmwlth. 2019) (citations omitted).

In addition, this Court has observed:

> In general, an actual case or controversy must exist at all stages of the review process, not merely when the case is initiated. *In re Gross*, [382 A.2d 116, 119 (Pa. 1978)]. As the Superior Court aptly opined:
>
>> An issue can become moot during the pendency of an appeal due to an intervening change in the facts of the case or due to an intervening change in the applicable law. In that case, an opinion of this Court is rendered advisory in nature. An issue before a court is moot if in ruling upon the issue the court cannot enter an order that has any legal force or effect.
>
> *In re D.A.*, 801 A.2d 614, 616 (Pa. Super. 2002) (quotations and citations omitted).

*Consumer Education and Protective Association v. Public Utility Commission*, 847 A.2d 789, 794 n.9 (Pa. Cmwlth. 2004); *see also In re Gross*, 382 A.2d at 119 ("[A]n actual controversy must be extant at all stages of review, not merely at the time the complaint is filed.") (citation omitted).

Moreover:

> A federal court of appeals has explained:
>
>> The touchstone of the mootness inquiry is whether the controversy continues to "touch [] the legal relations of parties having adverse legal interests" in the outcome of the case.

4

*DeFunis v. Odegaard*, 416 U.S. 312, 317 [(1974)] (per curiam) (quoting *Aetna Life Ins*[*urance*] *Co. v. Haworth*, 300 U.S. 227, 240-41 [(1937)]). This "legal interest" must be more than simply the satisfaction of a declaration that a person was wronged. *Ashcroft v. Mattis*, 431 U.S. 171, 172-73 [(1977)] (per curiam) (holding that a claim for declaratory relief is moot when no "present right" is involved and the primary interest is the emotional satisfaction from a favorable ruling).

It is well established that what makes a declaratory judgment action "a proper judicial resolution of a 'case or controversy' rather than an advisory opinion is [] the settling of some dispute which affects the behavior of the defendant toward the plaintiff." *Hewitt v. Helms*, 482 U.S. 755, 761 [(1987)]; *see also Rhodes v. Stewart*, 488 U.S. 1, 4 [(1988)] (per curiam) (explaining that as the plaintiffs are no longer in prison, their case against prison officials is moot). Hence, this court has explained that a "plaintiff cannot maintain a declaratory or injunctive action unless he or she can demonstrate a good chance of being likewise injured [by the defendant] in the future." *Facio v. Jones*, 929 F.2d 541, 544 (10th Cir. 1991).

*Green v. Branson*, 108 F.3d 1296, 1299-1300 (10th Cir. 1997) (citation omitted).[4] *See also Chasan v. Platt*, 244 A.3d 73, 84 (Pa. Cmwlth. 2020), *appeal denied*, 253 A.3d 679 (Pa. 2021) ("At its core, the purpose of declaratory relief is to address an imminent dispute or actual

---

[4] *See, e.g.*, *Cole v. Pennsylvania Department of Environmental Protection*, 257 A.3d 805, 813 (Pa. Cmwlth. 2021), *appeal granted*, ___ A.3d ___ (Pa., Nos. 312 and 313 EAL 2021, Nos. 415 and 416 MAL 2021, filed August 3, 2023) (stating that although the opinions of lower federal courts are not binding on this Court, "such decisions in factually similar cases with persuasive legal analysis may inform our disposition of the matter before us").

5

controversy. The judicial acts that [the l]awyer complains of are in the past, such that the declaration would not aid in resolution of a current or imminent dispute.").

*Markham v. Wolf* (Pa. Cmwlth., No. 176 M.D. 2015, filed October 20, 2021), slip op. at 11-12.

As outlined above, in our prior opinions *Ziadeh v. Pennsylvania Legislative Reference Bureau* (Pa. Cmwlth., No. 41 M.D. 2022, filed November 1, 2023), and *Bowfin KeyCon Holdings, LLC v. Pennsylvania Department of Environmental Protection* (Pa. Cmwlth., No. 247 M.D. 2022, filed November 1, 2023), we declared that the Rulemaking is void, on the basis that it constitutes an unconstitutional tax, and enjoined Respondents from enforcing it. Thus, the declaratory and injunctive relief that is requested in the instant PFR has already been granted, in part, and our disposition of any other claims that have been raised with respect to the now void Rulemaking would be merely advisory. As a result, the PFR should be dismissed as moot.

Indeed, with respect to an appeal that has been rendered moot, the United States Supreme Court has noted:

> The established practice of the Court in dealing with a civil case from a court in the federal system which has become moot while on its way here or pending our decision on the merits is to reverse or vacate the judgment below and remand with a direction to dismiss. . . . That procedure clears the path for future relitigation of the issues between the parties and eliminates a judgment, review of which was prevented through happenstance. When that procedure is followed, the rights of all parties are preserved . . . .

*United States v. Munsingwear, Inc.*, 340 U.S. 36, 39-40 (1950).[5]

---

[5] *See also Chambers v. American Federation of State, County, and Municipal Employees International Union, AFL-CIO*, 450 F. Supp. 3d 1108, 1116 (D. Or. 2020), *aff'd sub nom. Masuo*
**(Footnote continued on next page…)**

6

Likewise, at present, there is no chance that Petitioners will be harmed by Respondents' implementation, administration, or enforcement of the void Rulemaking. However, Petitioners may seek any necessary future declaratory or injunctive relief if DEP or EQB seeks to implement, administer, or enforce a rulemaking that is not void.

Accordingly, Petitioners' PFR is dismissed as moot.

_____
MICHAEL H. WOJCIK, Judge

Judge Fizzano Cannon did not participate in the decision of this case.

---

*v. American Federation of State, County and Municipal Employees International Union, AFL-CIO*, (9th Cir., No. 20-35355, filed May 25, 2021) (citations omitted), in which a federal district court stated, in pertinent part:

> The Ninth Circuit has "routinely deemed cases moot where 'a new law is enacted during the pendency of an appeal and resolves the parties' dispute.'" This rule applies with equal force to intervening changes in the applicable case law. For example, in *Aikens* [*v. California*, 406 U.S. 813 (1972)], the Supreme Court dismissed as moot a California prisoner's pending federal constitutional challenge to California's death penalty statute "based on the intervening decision of the California Supreme Court[,]" which had "declared capital punishment in California unconstitutional under . . . the state constitution." 406 U.S. at 814[.] The petitioner in that case "no longer face[d] a realistic threat of execution, and the issue on which certiorari was granted-the constitutionality of the death penalty under the Federal Constitution-[was] now moot in his case." *Id.*

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Calpine Corporation,                          :
Tenaska Westmoreland                          :
Management, LLC and                           :
Fairless Energy, L.L.C.,                      :
                                              :
                        Petitioners           :
                                              :
            v.                                :       No. 357 M.D. 2022
                                              :
Pennsylvania Department of                    :
Environmental Protection                      :
and Pennsylvania                              :
Environmental Quality Board,                  :
                                              :
                        Respondents           :

# **O R D E R**

AND NOW, this 7th day of November, 2023, the Petition for Review filed in the above-captioned matter is DISMISSED as moot.

_____
MICHAEL H. WOJCIK, Judge