IN THE COMMONWEALTH COURT OF PENNSYLVANIA

William Dicks,                                :
                    Petitioner                :
                                              :
         v.                                   :
                                              :
Department of Corrections,                    :
Lawrence Jonathan Goode,                      :
Katherine Ann Walecka,                        :
Andrew Joseph Greer,                          :   No. 273 M.D. 2023
                    Respondents               :   Submitted: November 7, 2024


BEFORE:    HONORABLE ANNE E. COVEY, Judge
           HONORABLE CHRISTINE FIZZANO CANNON, Judge
           HONORABLE STACY WALLACE, Judge


OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE COVEY                                   FILED: December 10, 2024


         Before this Court is the Department of Corrections' (DOC) preliminary objection (Preliminary Objection)[1] to William Dicks' (Petitioner) pro se petition for review in the nature of mandamus (Petition) filed in this Court's original jurisdiction. After review, this Court dismisses the Petition as moot.

         On June 21, 1990, the Philadelphia County Common Pleas Court (Common Pleas) sentenced Petitioner to two consecutive sentences of 4 to 9 years of incarceration for robbery and conspiracy. *See* Common Pleas Docket No. CP-51-CR-0110611-1985. On April 18, 2007, while Petitioner was on parole, the

---

[1] Although entitled *Preliminary Objections*, DOC proffered only one preliminary objection.

Philadelphia Police Department arrested him on sexual assault charges (New Charges). On January 8, 2013, Petitioner entered a negotiated nolo contendere plea to indecent assault of a child less than 13 years of age and corruption of minors (New Convictions). *See* Common Pleas Docket No. CP-51-CR-0001238-2008. Common Pleas sentenced Petitioner to 2 to 4 years of incarceration for the indecent assault conviction and a consecutive term of 5 years of probation for the corruption of minors conviction, with credit for time served. *See id.* Petitioner did not appeal from his New Convictions.

On August 5, 2013, Petitioner filed a timely pro se Post Conviction Relief Act (PCRA)[2] petition claiming that his Common Pleas counsel's deficient performance had caused him to enter an involuntary plea to the New Convictions. Common Pleas, which was also the PCRA court, appointed PCRA counsel, who filed a Turner/Finley[3] letter concluding therein that Petitioner's claim lacked merit. Petitioner objected to PCRA counsel's Turner/Finley letter and raised another claim that PCRA counsel had failed to file a direct appeal as Petitioner instructed. The PCRA court conducted a hearing on February 3, 2017, and dismissed Petitioner's PCRA petition thereafter. Petitioner appealed from the PCRA petition's dismissal to the Pennsylvania Superior Court, which affirmed the PCRA court's dismissal. *See Commonwealth v. Dicks* (Pa. Super. No. 774 EDA 2017, filed Oct. 24, 2018). Petitioner filed a petition for allowance of appeal, which the Pennsylvania Supreme Court denied on April 30, 2019. *See Commonwealth v. Dicks* (Pa. No. 579 EAL 2018, filed Apr. 30, 2019).

In the meantime, on December 21, 2018, Petitioner filed a Motion for Time Credit in Common Pleas, alleging therein that Common Pleas did not award

---

[2] 42 Pa.C.S. §§ 9541-9546.

[3] *See Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988); *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988).

him all the credit to which he was entitled for the time he was incarcerated on the New Convictions. The Commonwealth of Pennsylvania (Commonwealth) filed a response to the Motion for Time Credit on January 15, 2019, conceding that Petitioner should receive some credit for time served and requesting an evidentiary hearing to allow Petitioner to prove the credits to which he claimed entitlement. On January 18, 2019, Common Pleas dismissed the Motion for Time Credit because the sole basis of Petitioner's claim was DOC's error in computing the time credit to be applied to Petitioner's sentence. Common Pleas concluded that Petitioner's relief must be sought through a mandamus action filed in this Court. Petitioner appealed from the Common Pleas' dismissal to this Court.

On appeal, this Court concluded that although Common Pleas treated the matter as a PCRA petition, Petitioner was in fact challenging his minimum and maximum sentence release dates based on the application of credits for time served to which Petitioner claims he is entitled. Thus, this Court determined that the matter was properly viewed as a mandamus request over which this Court had jurisdiction. *See Commonwealth v. Dicks* (Pa. Cmwlth. No. 721 C.D. 2020, filed June 14, 2023) (*Dicks I*). Therefore, this Court ruled that Common Pleas should have transferred the matter to this Court pursuant to Section 5103(a) of the Judicial Code, 42 Pa.C.S. § 5103(a), and erred by not doing so. *See Dicks I.* Because Common Pleas erred by not transferring the Motion for Time Credit to this Court, this Court vacated Common Pleas' January 18, 2019 order and treated the Motion for Time Credit as transferred to this Court with a December 21, 2018 filing date. *See id.*

By July 24, 2023 Order, this Court directed Petitioner to file a petition for review naming DOC as Respondent. On September 18, 2023, Petitioner filed the Petition seeking this Court to direct DOC "to show cause, by either verifying or dispelling, whether Petitioner's unawarded 515 days of pre-trial credit time from May 21, 2007 to September 29, 2008, is correct o[r] if[] awarded would have allowed

3

Petitioner's immediate release from the January 8, 2013 (2 to 4) years sentence." Petition at 2 (emphasis omitted). As the *Dicks I* Court directed, this Court treats the Petition as a mandamus request.[4] On November 27, 2023, DOC filed its Preliminary Objection, alleging that Petitioner does not have a clear right to relief.[5]

Initially,

[a]s [this Court] ha[s] previously explained:

> Although neither party argues the mootness of the [relief sought], [this Court] may *sua sponte* raise the issue of mootness as "courts cannot 'decide moot or abstract questions, nor can we enter a judgment or decree to which effect cannot be given.'" *Orfield v. Weindel*, 52 A.3d 275, 277 (Pa. Super. 2012) (citation omitted); *see also Dep*[*'t*] *of Pub*[.] *Welfare, Fairview* [] *State Hosp*[.] *v. Kallinger*, . . . [615 A.2d 730 ([Pa.] 1992)] (sua sponte dismissing the appeal as moot). The mootness doctrine provides:
>
> > "The problems arise from events occurring after the lawsuit has gotten under way - changes in the facts or in the law - which allegedly deprive

---

[4] Mandamus is an extraordinary remedy "designed to compel performance of a ministerial act or mandatory duty where there exists a clear legal right in the petitioner, a corresponding duty in the respondent, and want of any other adequate and appropriate remedy." *Toland v. Pa. Bd. of Prob. & Parole*, 263 A.3d 1220, 1232 (Pa. Cmwlth. 2021) (cleaned up). A petitioner may not use mandamus "to compel a purely discretionary act." *Coady v. Vaughn*, . . . 770 A.2d 287, 290 ([Pa.] 2001). "[T]he purpose of mandamus is not to establish legal rights, but to enforce rights [that] are already established." *Clark v. Beard*, 918 A.2d 155, 159 (Pa. Cmwlth. 2007).

*Robinson v. Pa. Parole Bd.*, 306 A.3d 969, 972-73 (Pa. Cmwlth. 2023), *aff'd* (Pa. No. 2 MAP 2024, filed Oct. 24, 2024).

[5] "When considering preliminary objections, we accept as true all well-pleaded material facts in the petition for review and all reasonable inferences deducible from those facts." *Kaba v. Berrier*, 275 A.3d 85, 88 (Pa. Cmwlth. 2022). "We will sustain a preliminary objection only when it is clear and free from doubt that the facts as pleaded are legally insufficient to establish a right to relief." *Id.*

4

> the litigant of the necessary stake in the outcome. The mootness doctrine requires that 'an actual case or controversy must be extant at all stages of review, not merely at the time the complaint is filed.'"
>
> *Pap's A.M. v. City of Erie*, . . . [812 A.2d 591, 599-600 ([Pa.] 2002)] (citation omitted).
>
> **In this case**, **the facts have changed**.
>
> *Battiste v. Borough of E*[.] *McKeesport*, 94 A.3d 418, 424 (Pa. Cmwlth. 2014); *see also Commonwealth ex rel. Davis v. MacLean*, . . . 136 A. 240, 240 ([Pa.] 1927) ("**A discussion of the question whether mandamus is the proper remedy on the facts alleged** [**is out of place**] . . . **for the reason that the** [**application before us is in a**] **moot case**.") (alterations in original).

*Clymer v. Schmidt*, 324 A.3d 640, 660 n.2 (Pa. Cmwlth. 2024) (J. Wojcik, concurring) (emphasis added), *aff'd mem.*, 322 A.3d 929 (Pa. 2024).

Here, at the time Petitioner filed his Motion for Time Credit in Common Pleas on December 21, 2018, he was in DOC's custody at the State Correctional Institution (SCI) at Dallas. *See* Original Record at 377 (wherein Petitioner stated his address as SCI-Dallas).[6]  However, at the time Petitioner filed the Petition in this Court on September 18, 2023, he was no longer in DOC's custody. *See* Petition at 20 (wherein Petitioner provides a Philadelphia address as opposed to an SCI as his address);[7] *see also* DOC Br. at 4 ("Before this Court are preliminary objections in the nature of a demurrer, to the [Petition], filed on September 18, 2023, by [Petitioner], an inmate formerly incarcerated within [DOC]."); https://inmatelocator.cor.pa.gov/#/Result (last visited Dec. 9, 2024).  Because Petitioner has served his sentence, an order by this Court granting Petitioner relief from his maximum sentence release date will have no meaning.  Thus, there is no

---

[6] Because the Original Record pages are not numbered, the page numbers referenced herein reflect electronic pagination.

[7] Because the Petition pages are not numbered, the page numbers referenced herein reflect electronic pagination.

case or controversy because there is no relief that can be ordered.[8] *See Clymer.* Accordingly, the Petition is moot.[9]

        For all of the above reasons, Petitioner's Petition is dismissed as moot.


_____
ANNE E. COVEY, Judge

---

[8] There is no evidence in the Original Record to show that Petitioner committed any additional crimes or had new criminal charges brought against him that could extend his maximum sentence release date.

[9] Based on this Court's disposition of the Petition, DOC's Preliminary Objection is also moot.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

William Dicks,                 :
          Petitioner        :
                         :
           v.               :
                         :
Department of Corrections,     :
Lawrence Jonathan Goode,     :
Katherine Ann Walecka,       :
Andrew Joseph Greer,        :    No. 273 M.D. 2023
          Respondents    :

## O R D E R

AND NOW, this 10th day of December, 2024, William Dicks' petition for review in the nature of mandamus is DISMISSED as moot, and the Department of Corrections' Preliminary Objection is DISMISSED as moot.

_____
ANNE E. COVEY, Judge